COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              
No.  08-04-00100-CR

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

EX PARTE:  JUAN DE LA CRUZ                        )                 210th District Court

                                                                              )

                                                                              )            
of El Paso County, Texas

                                                                              )

                                                                              )            
(TC# 990D04668-210-1)

                                                                              )

 

O
P I N I O N

 

Appellant Juan De
la Cruz appeals the trial court=s
denial of his petition for a writ of habeas corpus.  Because we conclude that we lack
jurisdiction, we must dismiss the appeal.

Appellant was
charged by indictment with indecency with a child by exposure and pled guilty
to the offense, pursuant to a plea bargain agreement on December 30, 1999.  Adjudication of guilt was deferred and
Appellant was placed on four years=
deferred adjudication community supervision. 
On July 24, 2003, the State filed a Motion to Adjudicate Guilt.  On February 26, 2004, the State filed a
Motion to Dismiss Motion to Revoke Probation and Capias because Appellant had
completed his period of community supervision. 
The trial court dismissed the State=s
Motion to Revoke Probation and Capias.  








On March 2, 2004,
the Appellant filed an application for a writ of habeas corpus.[1]  In the application, Appellant alleged that
his plea in the indecency with a child case was invalid because his trial
counsel rendered effective assistance of counsel.  Appellant sought to have his guilty plea set
aside and removal of all restraints arising from his guilty plea.  The trial court issued an order setting an
evidentiary hearing on Appellant=s
habeas corpus application for March 25, 2004. 
The State filed an answer to the Appellant=s
application, after which the trial court entered an order denying Appellant=s application for a writ of habeas
corpus and cancelling the evidentiary hearing. 
The Appellant then filed a request for the trial court to reconsider its
order denying the habeas corpus application. 
The trial court held a hearing on this motion.  

At the hearing,
the trial court did not rule on the merits of Appellant=s
writ.  Instead, the trial court entered
an order denying the application for a writ of habeas corpus.   At the end of the hearing, the trial court
stated that it signed the order dismissing the indictment pursuant to Section
42.12(5)(a) of the Texas Code of Criminal Procedure, and that it was going to
let its previous decision to deny the writ stand.  See Tex.Code
Crim.Proc.Ann. art. 42.12, '
5(a) (Vernon Supp. 2004-05).

JURISDICTION








On appeal,
Appellant brings three issues challenging the trial court=s denial of his habeas corpus
application.  In response, the State
contends that this Court has no jurisdiction to consider this appeal because
the trial court did not consider the merits of Appellant=s
habeas corpus application.

A writ of habeas
corpus is an order from a judge commanding a party, who is alleged to be
restraining the applicant in some way, to appear before the court with the
object of the alleged restraint and explain the reasons for restraint.  See Tex.Code
Crim.Proc.Ann. art. 11.01 (Vernon 2005); Ex parte Hargett, 819
S.W.2d 866, 868 (Tex.Crim.App. 1991). 
Where the applicant of the writ seeks relief from an order or a judgment
of conviction ordering community supervision:

At the time the application is filed,
the applicant must be, or have been, on community supervision, and the
application must challenge the legal validity of:

 

(1)        the conviction for which or order in
which community supervision was imposed; or

 

(2)        the conditions of community
supervision.  

 

See Tex.Code Crim.Proc.Ann. art. 11.072, '
2(b)(Vernon 2005).  If the trial court
reaches the merits of the habeas corpus application, its ruling is appealable
even if it comes in the form of an order refusing to issue the writ.  See Ex parte Hargett, 819 S.W.2d at
869.  Conversely, an order purporting to
deny the relief sought in a habeas corpus application is not appealable if the
trial court did not in fact rule on the substantive merits of the applicant=s claim.  See Ex Parte Bamburg, 890 S.W.2d 549,
551 (Tex.App.--Beaumont 1994, no pet.). 
We maintain jurisdiction over this appeal only if the trial court
conducted a hearing addressing the merits of Appellant=s
application for writ of habeas corpus.  See
Ex Parte Gonzales, 12 S.W.3d 913, 914 (Tex.App.--Austin 2000, pet ref=d). 
We review the record to determine if the trial court addressed the
merits of Appellant=s habeas
corpus application.  








The record
reflects that Appellant filed his Application for Writ of Habeas Corpus after
the trial court had signed an order granting the State=s
Motion to Dismiss Motion to Revoke Probation and Capias for the reason that the
Appellant=s
probation had run.  The trial court=s order reads as follows:

On this day came to be
considered the State=s
Motion to Dismiss Motion to Revoke Probation and Capias filed by the State of
Texas in the above-entitled and numbered cause, and the court having considered
the same, is of the opinion that the same is in order and should be granted.

IT IS THEREFORE
ORDERED that the State=s
Motion to Revoke Probation and the Capias in the above-entitled and numbered
cause be dismissed.

 

Upon the filing of Appellant=s habeas corpus application, the trial
court initially set an evidentiary hearing. 
On March 4, 2004, the trial court signed an order denying Appellant=s application for writ of habeas corpus
and cancelling the evidentiary hearing it had previously set for March 25,
2004.  The Appellant then filed a request
for the court to reconsider its order denying the Appellant=s habeas corpus application.  The record before us contains a transcript of
the hearing on Appellant=s
request.  

During the
hearing, the State indicated to the court that since Appellant=s probation had expired, the trial
court was mandated to enter a dismissal order pursuant to Section 42.12(c) of
the Texas Code of Criminal Procedure.  As
reflected in the record, Appellant=s
community supervision expired on December 30, 2003 and the trial court did in
fact enter an order discharging the Appellant from community supervision the
same day the hearing was held.  At no
time during the hearing did the trial judge consider the merits of the
Appellant=s habeas
corpus application.  Rather, the trial
court made the following statements throughout the hearing which are reflective
of the fact that is was struggling with whether it could consider the merits of
Appellant=s habeas
corpus application:








Well, I think that the
Court is mandated under 42.12 to dismiss and enter an order dismissing the
indictment on this type of case, once the person has expired from deferred
adjudication probation.

So that=s exactly my point.  If the case is dismissed, what further relief
can I afford the individual. 

 

                                                              .               .               .

 

I just don=t see how he comes in under 11.072,
Section (b).  I mean, if the case is
dismissed because his probationary community supervision period has expired
under 42.12, Section 5(a), and the Court is dismissing the indictment, what
other relief can this Court give?

 

                                                              .               .               .

 

I just don=t see what else I can do but dismiss
pursuant to the statute.  The order of
community supervision has already expired. 
And I just don=t
know what other relief I can give him if I=m
dismissing the indictment.  It=s basically the same -- 

 

Finally, at the
end of the hearing, the trial judge stated: 
AI signed
the order dismissing the indictment pursuant to 42.12(5)(a).  I=ve
denied the writ.  So I=m just going to let it stand.@








After reviewing
the record, it is evident that the trial court never reached the merits of
Appellant=s habeas
corpus application and thus, never considered whether the threat of forced
deportation was a sufficient collateral illegal restraint upon Appellant=s liberty.  Apparently, the trial court reached its
conclusion after reading Article 11.072, '
2(b) as barring habeas corpus relief for applicants who have already served
their community supervision--an interpretation which is clearly contrary to the
plain reading of the statute.  See
Tex.Code Crim.Proc. Ann.
art. 11.072, ' 2(b)(AAt the time the application is filed,
the applicant must be, or have been, on community supervision, and the
application must challenge the legal validity of:  (1) the conviction for which or order in
which community supervision was imposed; or (2) the conditions of
community supervision.@)[Emphasis
added].  Because the trial court did not
consider and resolve the merits of the Appellant=s
habeas corpus application, we find that we are without jurisdiction to review
the trial court=s denial
of habeas corpus relief in this case. 

For the reason
stated above, we dismiss the appeal for want of jurisdiction. 

 

 

June 16, 2005

DAVID WELLINGTON CHEW, Justice

 

Before Barajas, C.J.,
McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
At the time the habeas corpus application was filed, the Appellant was being
held in federal custody by the I.N.S. which sought to remove Appellant from the
United States because of his guilty plea to the indecency with a child offense.