**Ex parte Mark R. BAMBURG, Appellant.**

**No. 09–94–255 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 19, 1994.

Decided Dec. 28, 1994.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. Dewitt, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an attempted appeal from the alleged denial of the issuance of a writ of habeas corpus. Applicant was placed on deferred adjudication probation on November 22, 1993, after having been indicted for the felony offense of Possession of a Controlled Substance. The relief sought by applicant in his application for writ of habeas corpus is the removal of one of the terms of deferred adjudication probation, that being term number eighteen, "Enter and successfully complete the Substance Abuse Felony Punishment Facility (SAFPF)."

On July 27, 1994, the trial court held a brief hearing resulting in an order worded as follows:

The Court has considered an Application for Writ of Habeas Corpus after a hearing and the evidence presented and it is the decision of the Court that the relief sought is hereby DENIED.

We note at the outset that the statement of facts of the hearing contains no evidence in the form of sworn testimony, or any indication that any physical objects or documents, other than applicant's third supplemental application, were admitted into evidence. The briefs of the parties, however, seem to presume that as a result of their unsworn, non-evidentiary arguments, the trial court ruled on the merits of applicant's substantive claims for relief from term of probation number eighteen. With this we disagree.

We rely on, and strongly advise all parties to this cause to carefully study, *Ex parte Hargett,* 819 S.W.2d 866 (Tex.Crim.App. 1991). We will excerpt portions of *Hargett* in order to emphasize to the parties the importance of procedural correctness so as to avoid the problems that arose in that case as well as in the instant cause:

A writ of habeas corpus is an order from a judge commanding a party, who is alleged to be restraining the applicant in some way, to appear before the court with the object of alleged restraint and explain the reasons for the restraint. (footnote omitted) However, the district court issued no such order in this case. Instead, after noting that it had jurisdiction of the case, the trial court denied applicant an evidentiary hearing and expansion of the record. It based this denial on its conclusion that there were no issues that could not be resolved by examining the existing record. It then proceeded to address the merits of each of the allegations submitted by applicant and found them to be without merit. The court then denied relief.

It is well settled that no appeal can be had from a refusal to issue or grant a writ of habeas corpus *even after a hearing.* (emphasis in original) However, the portion of that statement of law which we have emphasized can be confusing so, we will clarify it. In the cases which rely on that statement of law, the "hearing" which is being referred to is one which a court might hold in order to determine whether there is sufficient cause for the writ to be issued or whether the merits of the claim should be addressed. That type of hearing is not the same as one which is held to ultimately resolve the merits of an applicant's claim. When a hearing is held on the merits of an applicant's claim and the

court subsequently rules on the merits of that claim, the losing party may appeal.

Both *Ex parte Noe,* and *Ex parte Moorehouse,* cite to *Ex parte Hughes* [1], as authority for their inclusion of the words "even after a hearing" in their statements of the law on this matter. However, it is important to note that in *Ex parte Hughes* the judge only held the hearing to determine whether he would issue the writ; he didn't hold a hearing on the merits of the applicant's claim. Therefore, his refusal to issue the writ "even after a hearing" was not an appealable action on the merits of the applicant's claim. . . .

In a case where a judge refuses to issue the requested writ of habeas corpus or denies an applicant the requested hearing on the merits of his claim, an applicant's remedies are limited. Some remedies available to an applicant in that situation are to present the application to another district judge having jurisdiction [2], or under proper circumstances, to pursue a writ of mandamus. . . . [3]

*Hargett,* 819 S.W.2d at 868.

█ In the instant case, based upon the state of the record before us, we are unable to find any rulings by the trial court on the substantive merits of applicant's claim for relief pursuant to TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 14 (Vernon Supp.1994). As *Hargett* points out, a denial of the issuance of a writ of habeas corpus, as opposed to a denial of relief based on findings or rulings made from an evidentiary hearing on the merits of an applicant's substantive claim, is not appealable. Accordingly, this appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

BROOKSHIRE, Justice, concurring.

This concurrence agrees with the results of the Court's opinion by the Chief Justice. In view of the procedural posture of this proceeding it is important to stress and underline that the appellant, Mark R. Bamburg, has the right or remedy to present his application for relief to another district judge whose court has jurisdiction or to pursue a writ of mandamus if said writ of mandamus is available to him.

---

1. *See Ex parte Noe,* 646 S.W.2d 230 (Tex.Crim. App.1983); *Ex parte Moorehouse,* 614 S.W.2d 450 (Tex.Crim.App.1981); and *Ex parte Hughes,* 20 S.W.2d 1070 (Tex.Crim.App.1929).

2. *See Ex parte Johnson,* 561 S.W.2d 841 (Tex. Crim.App.1978); *Mayes v. State,* 538 S.W.2d 637 (Tex.Crim.App.1976).

3. *See Von Kolb v. Koehler,* 609 S.W.2d 654 (Tex. App.—El Paso 1980, no pet.).