TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00804-CR







Ex parte Jerry Gonzales







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 94-2930-2, HONORABLE ROBERT F. B. (SKIP) MORSE, JUDGE PRESIDING







Jerry Gonzales applied for a writ of habeas corpus seeking relief from his
conviction for driving while intoxicated on the grounds that the evidence used against him was
unlawfully seized and that he was denied effective assistance of counsel at trial. (1) See Tex. Code
Crim. Proc. Ann. art. 11.09 (West 1977). Four days later, the county court at law, having
"considered the application for writ of habeas corpus . . . and believing that a habeas corpus
evidentiary hearing is necessary to determine the merits of the claims raised by applicant," issued
an order granting the writ and setting the matter for a hearing.

When the cause was called one month later, counsel for the State urged the court
to "deny the application for a writ without a hearing." Counsel noted that the underlying
conviction was affirmed by this Court and that petition for discretionary review was refused, then
added, "[I]t's the State's position that that mandate was correct, that this Court's decision was
correct, the Court of Appeals opinion was correct, and that any further proceedings in this cause
are unnecessary and [you] have sufficient basis in the record for denying a Writ of Habeas
Corpus, Your Honor." After counsel for Gonzales responded that the ineffectiveness claim had
not been raised on appeal, the court announced, "I'm going to deny your writ," adding that it was
doing so "[w]ithout a hearing." This appeal followed. See Ex parte Jordan, 659 S.W.2d 827,
828 (Tex. Crim. App. 1983).

Gonzales brings forward five points of error, the first of which is that the county
court at law erred by refusing to conduct a hearing after granting the application for writ of habeas
corpus. The State did not file a brief, but instead filed a motion to dismiss urging that no appeal
lies in the absence of a ruling on the merits of Gonzales's habeas corpus application. We will
grant the motion.

It is an oft-stated rule that no appeal lies from the refusal to issue a writ of habeas
corpus. See Ex parte Noe, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983); Ex parte Moorehouse,
614 S.W.2d 450, 451 (Tex. Crim. App. 1981); Ex parte Johnson, 561 S.W.2d 841, 842 (Tex.
Crim. App. 1978); Ex parte Miller, 931 S.W.2d 724, 725 (Tex. App.--Austin 1996, no pet.). This
rule was significantly modified by the opinion in Ex parte Hargett, 819 S.W.2d 866 (Tex. Crim.
App. 1991). In that case, the trial court refused to issue a requested writ of habeas corpus in an
order that nevertheless addressed the merits of the claims raised in the writ application. The
Texas Court of Criminal Appeals wrote:


The Court of Appeals correctly ruled that the trial court did not issue a writ
of habeas corpus. However, it erred in concluding that it had no jurisdiction to
hear the appeal from the trial court's order denying relief. This is not a case where
the district court simply refused to hear the application as presented. Here, the
court went beyond merely deciding not to issue the writ of habeas corpus. The
court, in this instance, undertook to rule on the merits of the application.


It is important to recognize that there is a distinction between the issuance
of a writ of habeas corpus and the granting of relief on the claims set forth in an
application for that writ. The trial court in the instant case did not issue the
requested writ of habeas corpus. However, he did not dismiss the application
either. Instead, the court undertook to rule on the merits of applicant's claim and
hence, the court of appeals has jurisdiction over applicant's appeal.



Id. at 869 (footnote omitted). Under Hargett, the crucial question is not whether the trial court
did or did not issue the writ, but whether the court did or did not consider and resolve the merits
of the petition. See 43 George E. Dix and Robert O. Dawson, Criminal Practice and Procedure
§ 47.43 (Texas Practice 1995). If the trial court reaches the merits of the habeas corpus
application, its ruling is appealable even if it comes in the form of an order refusing to issue the
writ. See Hargett, 819 S.W.2d at 869. Conversely, an order purporting to deny the relief sought
in a habeas corpus application is not appealable if the trial court did not in fact rule on the
substantive merits of the applicant's claim. See Ex parte Bamburg, 890 S.W.2d 550, 551 (Tex.
App.--Beaumont 1994, no pet.).

In the present cause, the county court at law issued the requested writ of habeas
corpus, but subsequently refused to consider the claims made in the writ application at the hearing
it had set for that purpose. Instead, the court "denied the writ" without hearing evidence or
argument regarding Gonzales's claims, and without expressing an opinion on the merits of those
claims. Because the court did not consider and resolve the merits of Gonzales's habeas corpus
application, we are constrained to hold that we are without appellate jurisdiction. 


In a case where a judge refuses to issue the requested writ of habeas corpus
or denies an applicant the requested hearing on the merits of his claim, an
applicant's remedies are limited. Some remedies available to an applicant in that
situation are to present the application to another district judge having jurisdiction,
or under proper circumstances, to pursue a writ of mandamus.



Hargett, 819 S.W.2d at 868 (emphasis added, footnotes omitted); see also Ex parte Hughes, 20
S.W.2d 1070 (Tex. Crim. App. 1929).

The State's motion to dismiss for want of jurisdiction is granted. The appeal is
dismissed.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction on State's Motion

Filed: March 2, 2000

Publish
1. This conviction was affirmed by this Court and is now final. See Gonzales v. State, 977
S.W.2d 189 (Tex. App.--Austin 1998, pet. ref'd).



ourt at law erred by refusing to conduct a hearing after granting the application for writ of habeas
corpus. The State did not file a brief, but instead filed a motion to dismiss urging that no appeal
lies in the absence of a ruling on the merits of Gonzales's habeas corpus application. We will
grant the motion.

It is an oft-stated rule that no appeal lies from the refusal to issue a writ of habeas
corpus. See Ex parte Noe, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983); Ex parte Moorehouse,
614 S.W.2d 450, 451 (Tex. Crim. App. 1981); Ex parte Johnson, 561 S.W.2d 841, 842 (Tex.
Crim. App. 1978); Ex parte Miller, 931 S.W.2d 724, 725 (Tex. App.--Austin 1996, no pet.). This
rule was significantly modified by the opinion in Ex parte Hargett, 819 S.W.2d 866 (Tex. Crim.
App. 1991). In that case, the trial court refused to issue a requested writ of habeas corpus in an
order that nevertheless addressed the merits of the claims raised in the writ application. The
Texas Court of Criminal Appeals wrote:


The Court of Appeals correctly ruled that the trial court did not issue a writ
of habeas corpus. However, it erred in concluding that it had no jurisdiction to
hear the appeal from the trial court's order denying relief. This is not a case where
the district court simply refused to hear the application as presented. Here, the
court went beyond merely deciding not to issue the writ of habeas corpus. The
court, in this instance, undertook to rule on the merits of the application.


It is important to recognize that there is a distinction between the issuance
of a writ of habeas corpus and the granting of relief on the claims set forth in an
application for that writ. The trial court in the instant case did not issue the
requested writ of habeas corpus. However, he did not dismiss the application
either. Instead, the court undertook to rule on the merits of applicant's claim and
hence, the court of appeals has jurisdiction over applicant's appeal.