13-02-480-CR


13-02-481-CR


13-02-482-CR


13-02-483-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







JUAN ENRIQUEZ
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 105th District Court


of Nueces County, Texas.






O P I N I O N



 Before Justices Yañez, Garza, and Kennedy (1)


Opinion by Justice Garza



 Appellant filed his Application for Writ of Habeas Corpus pursuant to Tex.
Const. Art. V, § 8. He appeals from the action of the trial judge, who declined to
hear his application for writ of habeas corpus. We dismiss for lack of jurisdiction. 

 Appellant is incarcerated in the Institutional Division of the Texas Department
of Criminal Justice, serving three ninety-nine year sentences for murder and one
twenty-five year sentence for assault with intent to murder. The thrust of his argument
in the habeas court is that his time served, together with time-served credits, entitles
him to release. The trial court declined to issue a bench warrant and to hear his
application for habeas corpus saying: 

 The court will deny the relief requested. Applicant seeks to
circumvent the settled law of this state that requires a
felony prisoner to file and present any claim of the illegality
of his imprisonment pursuant to Tex. Code Crim. Proc.
Ann., Art. 11.07. Although this court has inherent habeas
corpus authority, that authority is limited in post-felony
conviction cases.


The trial court did not hear evidence and oral argument on the application and, thus,
did not consider the merits of the application.

 It is well settled that no appeal can be had from a refusal to issue or grant a writ
of habeas corpus even after a hearing. Ex Parte Hargett, 819 S.W.2d 866, 868 (Tex.
Crim. App. 1991). If the trial court reaches the merits of the habeas corpus
application, its ruling is appealable even if it comes in the form of an order refusing to
issue the writ. Id. Conversely, an order purporting to deny the relief sought in a
habeas corpus application is not appealable if the trial court did not in fact rule on the
substantive merits of the applicant's claim. In re Gonzales, 12 S.W.3d 913, 914 (Tex.
App.-Austin 2000, pet ref'd); see also Cid v. State, 2001 Tex. App. LEXIS 4169 *5
(Corpus Christi 2001,no pet.). 

 Here, although the trial court stated in his order that he was denying the relief
requested, he did not rule on the merits of appellant's application. Hence, we are
without jurisdiction to hear these appeals, and they are, therefore, dismissed.


 ___________________________

 DORI CONTRERAS GARZA, Justice


Do not publish.

Tex. R. App. P. 47.2(b).

Opinion delivered and filed

this 20th day of November, 2003.

 
1. Justice Noah Kennedy, deceased, assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).