Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-05-00063-CR
)
EX PARTE: LUIS RAY BETANCOURT         )                             Appeal from
)
) 171st District Court
)
) of El Paso County, Texas
)
) (TC# 960D07944)

                                                                  O P I N I O N

            Luis Ray Betancourt appeals from an order denying his application for writ of habeas corpus. 
Finding no error, we affirm.
FACTUAL SUMMARY
            According to a search warrant affidavit, a confidential informant told Detective Kyle
Summers on August 25, 1996 that Appellant was selling cocaine from his residence. Two days later,
Appellant delivered cocaine to Detective Luis Gerardo who was working undercover. Gerardo made
a second purchase from Appellant on September 12, 1996. On this occasion, Summers maintained
surveillance on Appellant’s residence while Gerardo called Appellant, and he followed Appellant
from the residence to the location where the cocaine was delivered. Summers personally observed
Appellant deliver the cocaine from his right pants pocket to Gerardo. 
            On September 16, 1996, the El Paso Police Department executed the search warrant at the
home of Appellant and his wife, Michele Betancourt. Appellant was seen leaving the residence in
a vehicle named in the search warrant and officers stopped the vehicle and searched it. A paper
bindle containing .4 grams of cocaine was found under the dash on the driver’s side of the vehicle. 
In the house, officers found an additional 6.0 grams of cocaine in paper bindles in a cookie jar. 
Appellant and his wife were arrested for possession of cocaine. A grand jury returned an indictment
against Appellant for possession of cocaine of more than one but less than four grams, and two
indictments for possession of cocaine with intent to deliver. An indictment for possession of cocaine
was also returned against Michele. The couple retained attorney Ronald Henry to represent both of
them in connection with these charges. 
             On April 25, 1997, Appellant entered a negotiated plea of guilty to possession of more than
one gram but less then four grams of cocaine. In accordance with the plea agreement, the trial court
placed him on deferred adjudication for ten years. The State dismissed the other two indictments
against Appellant and also dismissed the charge against Michele. There was no appeal from the
deferred adjudication order. 
            On September 9, 2004, Appellant filed an application for writ of habeas corpus, alleging that
trial counsel rendered ineffective assistance by (1) representing both Appellant and Michele despite
the conflict of interest; (2) not seeking to suppress the cocaine found in the cookie jar; (3)
recommending that Appellant plead guilty to charges the State could not prove; (4) failing to advise
him that the State would be required to prove “knowing” possession; and (5) failing to request a
Franks hearing to challenge the search warrant. Appellant further complained that his plea was
involuntary as a result of counsel’s deficient performance and because the trial court did not
adequately admonish him. The State filed its answer and an affidavit from Mr. Henry. Counsel
stated, among other things, that the couple agreed to joint representation after he advised them of
the potential conflicts of interest and potential defenses, and they both agreed that responsibility for
the offense rested solely with Appellant. The Betancourts wanted a deal where Appellant would
plead guilty to the possession charge and the charge against Michele would be dropped. 
            Four days after the State’s response was filed, the trial court denied the application without
a hearing. The order provided:
The Court, after having considered: (1) the applicant’s writ application and the
attachments thereto; and (2) the State’s Answer and the attachments thereto, finds
that the applicant is manifestly entitled to no relief pursuant to Article 11.072 § 7(a).
IT IS ORDERED that the applicant is manifestly entitled to no relief and the
application for writ of habeas corpus filed in this cause pursuant to Article 11.072 is
denied because it is frivolous. 

Appellant timely filed his notice of appeal. 
JURISDICTION
            The State has filed a motion to dismiss the appeal for want of jurisdiction because the trial
court neither addressed nor ruled on the substantive merits of Appellant’s claims. It cites Ex parte
Hargett, 819 S.W.2d 866 (Tex.Crim.App. 1991) and Ex parte Gonzales, 12 S.W.3d 913 (Tex.App.--Austin 2000, pet. ref’d) in support of its motion.
            Appellant filed his application pursuant to Article 11.072 of the Code of Criminal Procedure
which establishes felony habeas corpus procedures in which the applicant seeks relief from an order
or a judgment of conviction ordering community supervision. See Tex.Code Crim.Proc.Ann. art.
11.072, § 1 (Vernon 2005). When an application is filed under this article, a writ of habeas corpus
issues by operation of law. Tex.Code Crim.Proc.Ann. art. 11.072, § 4. The trial court is required
to enter a written order granting or denying the relief sought in the application no later than the 60th
day after the State’s answer is filed. Tex.Code Crim.Proc.Ann. art. 11.072 § 6(a). If the court
determines from the face of an application, or documents attached to the application, that the
applicant is manifestly entitled to no relief, the court shall enter a written order denying the
application as frivolous. Tex.Code Crim.Proc.Ann. art. 11.072, § 7(a). In any other case, the
court is required to enter findings of fact and conclusions of law. Id. If the application is denied in
whole or in part, the applicant may appeal under Article 44.02 and Rule 31 of the Texas Rules of
Appellate Procedure. Tex.Code Crim.Proc.Ann. art. 11.072, § 8. The State may appeal if the
application is granted in whole or in part. Id. If a subsequent application for a writ of habeas corpus
is filed after final disposition of an initial application under Article 11.072, a court may not consider
the merits of or grant relief based upon the subsequent application unless the application contains
specific facts establishing that the current claims and issues have not been and could not have been
presented previously in an original application or in a previously considered application filed under
this article because the factual or legal basis for the claim was unavailable on the date the applicant
filed the previous application. Tex.Code Crim.Proc.Ann. art. 11.072, § 9(a). The bar established
in Section 9 is triggered by the denial of a writ application even where it is denied as frivolous. See
Ex parte Jones, 97 S.W.3d 586, 589 (Tex.Crim.App. 2003)(stating that the denial of a frivolous
initial writ application under Article 11.07 acts as a bar to filing any further writ applications, except
in those extraordinary situations set out in Article 11.07, § 4). 
            It is well established that no appeal lies from the refusal to issue a writ of habeas corpus even
after a hearing. See Ex parte Noe, 646 S.W.2d 230, 231 (Tex.Crim.App. 1983); Ex parte
Moorehouse, 614 S.W.2d 450, 451 (Tex.Crim.App. 1981); Ex parte Gonzales, 12 S.W.3d at 914. 
The Court of Criminal Appeals clarified this rule in Ex parte Hargett, 819 S.W.2d 866
(Tex.Crim.App. 1991). There, the trial court entered an order in which it refused to issue a writ of
habeas corpus but nevertheless addressed the merits of the claims raised. Id. at 869. Relying on the
rule that there is no appeal from the refusal to issue a writ of habeas corpus, the court of appeals
dismissed for want of jurisdiction. Ex parte Hargett, 819 S.W.2d 867. The Court of Criminal
Appeals explained that the “hearing” referred to in the general rule is the hearing which a court might
hold in order to determine whether sufficient cause exists to issue the writ or whether the merits of
the claim should be addressed. Id. at 868. It is not the same as one which is held to ultimately
resolve the merits of an applicant’s claim. Id. When a hearing is held on the merits and the court
subsequently rules on the merits, the losing party may appeal. Id. The Court of Criminal Appeals
determined that even though the trial court did not issue a writ of habeas corpus, it was not a case
where the district court simply refused to hear the application as presented and dismissed it. Id. at
869. Instead, the trial court undertook to rule on the merits. Id. Consequently, the court of appeals
had jurisdiction. Id.
            Under Hargett, the crucial question is not whether the trial court did or did not issue the writ,
but whether the court did or did not consider and resolve the merits of the petition. See Ex parte
Gonzales, 12 S.W.3d at 914, citing 43 George E. Dix and Robert O. Dawson, Criminal Practice and
Procedure § 47.43 (Texas Practice 1995). If the trial court reaches the merits of the habeas corpus
application, its ruling is appealable even if it comes in the form of an order refusing to issue the writ. 
Gonzales, 12 S.W.3d at 914, citing Hargett, 819 S.W.2d at 869. Conversely, an order purporting
to deny the relief sought in a habeas corpus application is not appealable if the trial court did not in
fact rule on the substantive merits of the applicant’s claim. Ex parte Gonzales, 12 S.W.3d at 914; 
Ex parte Bamburg, 890 S.W.2d 549, 551 (Tex.App.--Beaumont 1994, no pet.). Where the trial court
refuses to issue the writ or denies an applicant a hearing on the merits, the applicant’s remedies are
limited. Ex Parte Hargett, 819 S.W.2d at 868. One remedy is to present the application to another
district judge having jurisdiction. Id. Another remedy is to pursue a writ of mandamus. Id.
            We suggested in Ex parte Enriquez, No. 08-04-00298-CR, 2005 WL 3036531 (Tex.App.--El
Paso 2005, pet. filed) that an appeal would not lie if a writ application filed under Article 11.072 is
denied as frivolous. There, the trial court denied an Article 11.072 writ application. In its written
order, the court found that the applicant was manifestly not entitled to relief, but redacted the portion
denying the application as frivolous. Id. at *4. On appeal, Enriquez argued that he was entitled to
findings of fact and conclusions of law pursuant to Section 7(a) because the court had not denied the
appeal as frivolous. We concluded that the order was unclear since we could not determine whether
Enriquez was entitled to findings. Consequently, we abated the appeal and directed the trial court
to clarify its order and make findings if appropriate. Id. at *5. We also said that clarification was
necessary to a determination of our jurisdiction, implying that an appeal would not lie if the court
denied the application as frivolous under Article 11.072, § 7(a). See id. But our opinion did not 
finally decide the jurisdictional issue which is squarely before us here.
            We conclude that the instant case is not governed by the rules applied in Hargett and
Gonzales because the right of appeal is established by statute. Article 11.072, § 6 expressly requires
the trial court to enter a written order in every case either denying or granting the relief sought in the
application, and Section 8 expressly provides for an appeal if the application is denied in whole or
in part. Tex.Code Crim.Proc.Ann. art. 11.072, §§ 6(a), 8. Accordingly, the trial court’s denial of
Appellant’s application as frivolous pursuant to Section 7(a) is appealable. The State’s motion to
dismiss for want of jurisdiction is denied.
INEFFECTIVE ASSISTANCE
            In Issues One through Four, Appellant contends that the trial court erred in dismissing 


 his
writ application as frivolous. To prevail on a writ of habeas corpus, the proponent must prove his
allegations by a preponderance of the evidence. See Ex parte Thomas, 906 S.W.2d 22, 24
(Tex.Crim.App. 1995). In reviewing a trial court’s decision to grant or deny relief on a writ of
habeas corpus, the appellate court should review the facts in the light most favorable to the trial
court’s ruling and uphold it absent an abuse of discretion. Ex parte Peterson, 117 S.W.3d 804, 819
(Tex.Crim.App. 2003). Reviewing courts should afford almost total deference to a trial judge’s
determination of the historical facts supported by the record, especially when the fact findings are
based on an evaluation of credibility and demeanor. Ex parte Peterson, 117 S.W.3d at 819 n.67. 
When dealing with mixed questions of law and fact, the reviewing court should give the same level
of deference if the resolution of those questions turn on an evaluation of credibility and demeanor
and review de novo those mixed questions of law and fact that do not depend upon credibility and
demeanor. Id. at 819. Unless reviewing courts are unable to determine from the record what the trial
court’s implicit factual findings are, they should grant deference to implicit factual findings that
support the trial court’s ruling. Id. The reviewing court should affirm as long as the decision is
correct on any theory of law applicable to the case. Ex parte Primrose, 950 S.W.2d 775, 778
(Tex.App.--Fort Worth 1997, pet. ref’d).
            To prove a plea was involuntary because of ineffective assistance, the appellant must show
(1) counsel’s representation/advice fell below an objective standard and (2) this deficient
performance prejudiced the defense by causing him to give up his right to a trial. See Ex parte
Morrow, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997). The appellant must prove ineffective
assistance of counsel by a preponderance of the evidence. See id. We begin with the strong
presumption that counsel was competent. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App.
1999). We presume that counsel’s actions and decisions were reasonably professional and were
motivated by sound trial strategy. Jackson v. State, 877 S.W .2d 768, 771 (Tex.Crim.App. 1994);
Kegler v. State, 16 S.W.3d 908, 911 (Tex.App.--Houston [14th Dist.] 2000, pet. ref’d). The
defendant must rebut the presumption that the challenged conduct can be considered sound trial
strategy. Jackson, 877 S.W .2d at 771. If the record is silent as to the facts, circumstances, and
rationale behind an attorney’s particular course of action, we are compelled to find that the defendant
did not rebut the presumption. See Thompson, 9 S.W.3d at 814.
Joint Representation
            In Issue One, Appellant complains that the trial court erred in dismissing as frivolous his
complaint that trial counsel rendered ineffective assistance by undertaking the joint representation
of Appellant and his wife for the same possession offense. He argues that trial counsel labored under
an “actual” conflict of interest and that the conflict adversely affected trial counsel’s performance.
            Multiple representation is not a per se violation of the constitutional guarantees of effective
assistance of counsel. Holloway v. Arkansas, 435 U.S. 475, 482, 98 S.Ct. 1173, 1178, 55 L.Ed.2d
426 (1978); James v. State, 763 S.W.2d 776, 778 (Tex.Crim.App. 1989); Kegler, 16 S.W.3d at 912.
To establish a violation of his Sixth Amendment rights when he did not object at trial to multiple
representation, the defendant must demonstrate that (1) defense counsel was burdened by an actual
conflict of interest; and (2) the conflict had an adverse effect on specific instances of counsel’s
performance. Ex parte McFarland, 163 S.W.3d 743, 759 n.52 (Tex.Crim.App. 2005); Pina v. State,
29 S.W.3d 315, 317 (Tex.App.--El Paso 2000, pet. ref’d). An actual conflict of interest exists when
“one defendant stands to gain significantly by counsel adducing probative evidence or advancing
plausible arguments that are damaging to the cause of a co-defendant whom counsel is also
representing.” James, 763 S.W.2d at 779; Kegler, 16 S.W.3d at 912-13. However, the failure to
emphasize the culpability of one defendant over the other does not create an actual conflict. Kegler,
16 S.W.3d at 913; Howard v. State, 966 S.W.2d 821, 827 (Tex.App.--Austin 1998, pet. ref’d). To
show adverse effect, an appellant must demonstrate that some plausible defense strategy or tactic
might have been pursued--but was not--because of the conflict of interest. Ramirez v. State, 13
S.W.3d 482, 487 (Tex.App.--Corpus Christi 2000), pet. dism’d, improvidently granted, 67 S.W.3d
177 (Tex.Crim.App. 2001). The appellant must show some actual conflict, not merely a speculative
conflict of interest. Thompson v. State, 94 S.W.3d 11, 20-21 (Tex.App.--Houston [14th Dist.] 2002,
pet. ref’d).
            Appellant alleged in his writ application that he and his wife hired Mr. Henry and paid him
$7,500 to represent both of them on the possession charges stemming from the search of their home. 
According to the couple, Mr. Henry did not explain to them that a conflict might develop if he
represented both of them, nor he did tell them that they could hire separate counsel. Appellant later
entered a negotiated plea of guilty and the State dismissed the case against Michele as part of the
plea bargain with Appellant. According to Appellant, trial counsel “secretly arranged to plead him
guilty in exchange for securing an agreement to have his wife’s case dismissed.” He claims he was
unaware that Michele had also been indicted. Likewise, Michele claimed in her affidavit that she
was unaware until long after her case had been dismissed that she had been indicted. She resented
being “kept in the dark” about the plea bargain which required Appellant to plead guilty in exchange
for her case being dismissed. Michele claimed that she had no knowledge of the cocaine in the
cookie jar in their kitchen and she believed Appellant to be innocent. She implies in her affidavit
that the police officers planted the cocaine.
            By affidavit, Mr. Henry stated that Michele and Luis Betancourt hired him prior to the return
of the indictments to represent both of them in connection with the charges against them. He
explained the potential conflicts, but husband and wife agreed that the cocaine belonged to Appellant
and that he was responsible. Both Appellant and Michele indicated that they were agreeable to a
plea bargain in which the case against Michele would be dismissed. Counsel refuted Michele’s
claim that she never knew that she had been indicted. They were both aware of the charges against
them, they understood that each of them could hire an independent attorney, and they were aware
of the potential defenses, including the issues related to the legality of the search. With this
knowledge, the couple agreed that Appellant would plead guilty and exculpate his wife, and the State
would dismiss the indictment against Michele.
            The record before us fails to affirmatively demonstrate that there was an actual, rather than
merely a potential, conflict between the interests of Appellant and his wife. Appellant did not
provide a separate affidavit in support of his writ application, but he verified that the facts related
in the application were true. In the application, Appellant refers to Michele’s proximity to the
cocaine at the time of the search, but he fails to state that, if represented by separate counsel, he
would have pursued a defense that the cocaine belonged to his wife. His application argues only that
the evidence linking Michele to the cocaine is stronger than the evidence linking Appellant and that 
he could have created reasonable doubt by focusing attention on Michele’s proximity to the cocaine
“without necessarily taking the position that Michele Betancourt was guilty.” Because Appellant
failed to carry his burden of proving that an actual conflict of interest existed, we find no abuse of
discretion in the denial of habeas corpus relief. Issue One is overruled.
Erroneous Advice
            In Issues Two and Three, Appellant argues that trial counsel rendered ineffective assistance
by advising him to plead guilty to an offense which the State could not prove. When a defendant
challenges the voluntariness of a plea based upon the ineffective advice of counsel, the voluntariness
of the plea depends on (1) whether counsel’s advice was within the range of competence demanded
of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for
counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial. 
Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex.Crim.App. 1999). As with other types of ineffective
assistance of counsel claims, Appellant has the burden to show that counsel’s performance fell below
a reasonable standard of competence and that Appellant would, with a reasonable probability, have
pled not guilty and insisted on going to trial had he been properly advised. Id. at 858.
            Appellant contends that in ruling on this issue we must accept his version of the facts as true. 
He cites no authority in support of this argument and it is contrary to the well-established standard
which requires us to review the facts in the light most favorable to the trial court’s ruling. See
Ex parte Peterson, 117 S.W.3d at 819. In determining whether counsel’s advice was reasonably
competent, we must consider all of the evidence and not restrict our review to the facts as put forth
by Appellant.
            Appellant’s argument that the State could not prove its case against him ignores the evidence
attached to the State’s answer. That evidence, including the search warrant affidavit and complaint,
shows that Appellant was actively selling cocaine which he concealed in his house. Law
enforcement officers recovered cocaine during their search of the residence and the vehicle Appellant
was driving at the time of his arrest. Counsel’s conclusion that the State could prove its case against
Appellant and his advice to plead guilty fall squarely within the range of competence demanded of
criminal attorneys. Consequently, we overrule Issues Two and Three.
VOLUNTARINESS OF THE GUILTY PLEA
            In Issue Four, Appellant argues that his guilty plea was involuntary because the trial court
failed to explain each element of the offense to which he pled guilty. No plea of guilty shall be
accepted by the court unless it is freely and voluntarily given. Tex.Code Crim.Proc.Ann. art.
26.13(b)(Vernon Supp. 2005). Due process requires that each defendant who pleads guilty does so
with a full understanding of the charges against him and the consequences of his plea. Burke v.
State, 80 S.W.3d 82, 93 (Tex.App.--Fort Worth 2002, no pet.)(op. on reh’g), citing Basham v. State,
608 S.W.2d 677, 678 (Tex.Crim.App. [Panel Op.] 1980). 
            A plea may be involuntary where an accused has such an incomplete understanding of the
charge that his plea cannot stand as an intelligent admission of guilt. Henderson v. Morgan, 426
U.S. 637, 645 n.13, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976). There, defendant Morgan was
indicted on a charge of first-degree murder. Id. at 641, 96 S.Ct. at 2256. At the arraignment, the
indictment charging that he “willfully” stabbed his victim was read in open court. Id. at 642, 96
S.Ct. at 2256. Morgan’s attorneys attempted to have the charge reduced to manslaughter because
of Morgan’s mental incapacity, but the prosecutors would agree to nothing less than second-degree
murder. Id. Counsel advised Morgan about the different sentences which could be imposed for the
different offenses but did not explain the required element of intent. Id. Morgan entered a guilty
plea to second-degree murder and his punishment was assessed at a twenty-five year indeterminate
sentence. Id. He subsequently filed a writ of habeas corpus, and the court specifically found that
Morgan had not been advised by the court or counsel that an intent to cause the death or a design to
effect the death of the victim was an essential element of second degree murder. Id. at 641, 96 S.Ct.
at 2255. Pointing out that the charge of second-degree murder was never formally made, the
Supreme Court found that the guilty plea was involuntary because neither counsel nor the trial court
explained to Morgan that an intent to cause the victim’s death was an essential element of
second-degree murder. Id., 426 U.S. at 644-47, 96 S.Ct. at 2257-58. Further, Morgan made no
admission that he had the requisite intent and testified that he would not have pled guilty if he had
known that an intent to cause death was an essential element of the offense. Id. The plea could not
be voluntary in the sense that it constituted an intelligent admission that he committed the offense
unless the defendant received real notice of the true nature of the charge against him. Id. at 645, 96
S.Ct. at 2257-58.
            The Supreme Court clarified Henderson in Bradshaw v. Stumpf, 545 U.S. 175, 125 S.Ct.
2398, 2405, 162 L.Ed.2d 143 (2005). Henderson does not require that the trial judge must
personally explain the elements of the charge to the defendant on the record. Id. Rather, the
constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that
the nature of the charge and the elements of the crime were explained to the defendant by his own,
competent counsel. Id. Where a defendant is represented by competent counsel, the court usually
may rely on counsel’s assurance that the defendant has been properly informed of the nature and
elements of the charge to which he is pleading guilty. Id.
            This case is distinguishable from Henderson because Appellant entered a plea of guilty to
an indicted offense and there is evidence in the record that Appellant’s attorney explained the
elements of the offense to him. The indictment alleged that Appellant knowingly and intentionally
possessed cocaine, and the record of the guilty plea hearing reflects that Appellant signed a judicial
confession admitting all of the allegations in the indictment. Further, he admitted all of the
allegations in the indictment in open court. Appellant’s trial counsel confirmed on the record during
the guilty plea that he had explained the judicial confession and the other waivers to Appellant and
he believed Appellant was making a free, voluntary, and knowledgeable waiver of his rights. We
overrule Issue Four.
FRANKS HEARING
            In Issue Five, Appellant maintains that the trial court denied him a Franks hearing to have
the search warrant affidavit and resulting warrant declared void. He additionally argues that the
warrant is insufficient to establish probable cause. In his writ application, Appellant argued that trial
counsel was ineffective for failing to request a Franks


 hearing to challenge the search warrant
affidavit and warrant. On appeal, however, he does not address the ineffective assistance of counsel
issue on which relief was denied, but instead complains of what he terms “constitutional error”
committed by the trial court.


 An objection stating one legal theory may not be used to support a
different legal theory on appeal. Babb v. State, 868 S.W.2d 3, 4-5 (Tex.App.--El Paso 1993, no pet.). 
Since nothing is presented for our review, we overrule Issue Five. Having overruled each issue
presented on appeal, we affirm the judgment denying habeas corpus relief.


July 6, 2006                                                                 
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)