# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00407-CR
### NO. 03-06-00408-CR
### NO. 03-06-00409-CR

**Ex parte Skylar Barclay Sudderth**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NOS. 06-1034-K368, 06-1134-K368 & 06-1152-K368
HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

These causes were filed as habeas corpus appeals regarding pretrial bail.  Because a further examination of the record reveals that the district court orders complained of are interlocutory and unappealable, and because the orders have in any case been rendered moot by subsequent court actions, the appeals will be dismissed.

On June 5, 2006, Skylar Barclay Sudderth was arrested on a complaint accusing him of one count of aggravated sexual assault of a child.  The complaint was assigned trial court cause number 06-1034-K368.  A magistrate set bail at $350,000.  The following day, Sudderth petitioned for a writ of habeas corpus, complaining that the bail was excessive.  On June 7, the trial court denied the writ without a hearing.

On or about June 27, 2006, Sudderth was charged by complaint with five additional counts of aggravated sexual assault of a child in cause number 06-1152-K368 and one count of

tampering with physical evidence in cause number 06-1134-K368. The magistrate set bail at $1,250,000 ($250,000 per count) in the former cause and at $125,000 in the latter. Thus, bail in the three causes totaled $1,725,000.

A hearing was conducted in the trial court on June 28, 2006. The court indicated both orally at the hearing and in docket entries that the hearing was on Sudderth's motion for bond reduction, a fact Sudderth confirms in his brief to this Court.[1] At the conclusion of the hearing, the court granted the motion as follows: bail in cause number 06-1034-K368 was reduced to $150,000, bail in cause number 06-1152-K368 was reduced to $500,000 ($100,000 per count), and bail in cause number 06-1134-K368 was reduced to $25,000, for a total of $675,000. Sudderth filed notices of appeal on July 13, 2006, from what he called the trial court's orders on his "Pre-Trial Application for Writ of Habeas Corpus/Motion to Reduce Bond."

On August 8, 2006, an indictment was filed in cause number 06-1152-K368. The indictment contains nine counts accusing Sudderth of aggravated sexual assault of a child and one count accusing him of tampering with physical evidence. On August 14, the court set bail in this cause at $500,000. On August 17, cause numbers 06-1034-K368 and 06-1134-K368 were dismissed on the State's motion.

Three facts pertinent to this Court's jurisdiction can be gleaned from the procedural history of these causes. First, Sudderth's petition for writ of habeas corpus in cause number 06-1034-K368, the only cause in which habeas corpus relief was sought, was denied by the trial court without a hearing and without reaching the merits of the petition. No appeal lies from the refusal

---

[1] The motion does not appear in the record.

2

to issue a writ of habeas corpus under these circumstances. *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet. ref'd). Second, the orders of June 28, 2006, reducing bail on Sudderth's motion were interlocutory and not appealable to this Court. *Ex parte Shumake*, 953 S.W.2d 842, 846 (Tex. App.—Austin 1997, no pet.).[2] Third, the propriety of the June 28 orders was rendered moot by the orders dismissing cause numbers 06-1034-K368 and 06-1134-K368 and the August 14, 2006, order resetting bail in cause number 06-1152-K368 following indictment.

For all of these reasons, the appeals are dismissed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:  November 10, 2006

Do Not Publish

---

[2]  Like Sudderth's appeals, Shumake's appeal was mistakenly filed as if it were from an order denying relief in a habeas corpus proceeding.