COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-350-CR

 

 

EX PARTE 

 

 

RONALD STREITLER

 

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On September 27, 2006, Ronald
Streitler filed an application for writ of habeas corpus in which he asked the
trial court to release him from a magistrate=s emergency protective order or in the alternative to modify the
protective order to allow him to return home. 
See Tex. Code Crim. Proc.
Ann. art. 17.292 (Vernon Supp. 2006).[2]  The emergency protective order prohibits
Streitler from Agoing to or
within 200 feet of the . . . residence@ where his wife and son live. 
Affidavits filed by Streitler=s wife and son allege that because of the protective order, Streitler
has been forced to live in a motel, which is causing economic hardship to the
family.  Although the trial court issued
a writ commanding Streitler to appear for a hearing, it ultimately denied
relief without hearing any evidence because it determined that Streitler has Aan adequate remedy at law under Subsection J of Article 17.292 and,
therefore, writ of application for habeas corpus does not lie@ in the trial court.  Id.
art. 17.292(j).  Section j
specifically allows the magistrate to modify all or any part of an article
17.292 emergency protective order upon notice, hearing, and findings that the
order as originally issued is unworkable, the modification will not place the
victim at a greater risk than the original order, and the modification will not
endanger a person protected under the order. 
Id. 








The State contends that we do
not have jurisdiction over this appeal. 
A trial court=s ruling on
a habeas corpus application under article 11.05 of the code of criminal
procedure is appealable only if the trial court considers and resolves the
merits of the application.  Ex parte
Hargett, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); Ex parte Miller,
931 S.W.2d 724, 725B26 (Tex.
App.CAustin 1996, no pet.); see Tex.
Code Crim. Proc. Ann. art. 11.05 (Vernon 2005).  Here, although the trial court had already
issued the writ, it refused to hold an evidentiary hearing on the merits of the
application because it determined that Streitler had an adequate remedy at
law.  A writ of habeas corpus will issue
only if the applicant has no adequate remedy at law.  Ex parte Weise, 55 S.W.3d 617, 619
(Tex. Crim. App. 2001).  Thus, it appears
that the trial court determined that its decision to issue the writ was
premature.

Streitler requested relief
from the emergency protective order on the ground that his wife, who was shown
on the face of the emergency protective order as the applicant, had never
requested an emergency protective order, that Streitler had never threatened
his wife or his son, and that the 200-foot requirement was causing an economic
hardship on the family.  The trial court
did not hear any evidence on these issues, and it did not make any rulings on
these issues.  Thus, the trial court=s denial of the application was not based on the merits.  An order purporting to deny the relief sought
in a habeas corpus application is not appealable if the trial court did not in
fact rule on the substantive merits of the applicant=s claim.  Ex parte Gonzales,
12 S.W.3d 913, 914 (Tex. App.CAustin 2000, pet. ref=d).








Accordingly, we dismiss the
appeal for want of jurisdiction.  See
Hargett, 819 S.W.2d at 869; Gonzales, 12 S.W.3d at 914.

 

 

PER CURIAM

 

PANEL F:    LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
December 7, 2006











[1]See Tex.
R. App. P. 47.4.





[2]Article 17.292 allows a magistrate
to issue an order for emergency protection on its own motion or at the request
of a victim, the victim=s guardian, a peace officer, or the
State=s attorney, upon a defendant=s arrest for an offense involving
family violence.  Id. art.
17.292(a).