Ex parte Streitler

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-350-CR

EX PARTE 

RONALD STREITLER

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On September 27, 2006, Ronald Streitler filed an application for writ of habeas corpus in which he asked the trial court to release him from a magistrate’s emergency protective order or in the alternative to modify the protective order to allow him to return home.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 17.292 (Vernon Supp. 2006).
(footnote: 2)  The emergency protective order prohibits Streitler from “going to or within 200 feet of the . . . residence” where his wife and son live.  
Affidavits filed by Streitler’s wife and son allege that because of the protective order, Streitler has been forced to live in a motel, which is causing economic hardship to the family.  Although the trial court issued a writ commanding Streitler to appear for a hearing, it ultimately denied relief without hearing any evidence because it determined that Streitler has “an adequate remedy at law under Subsection J of Article 17.292 and, therefore, writ of application for habeas corpus does not lie” in the trial court.  
Id
. art. 17.292(j).  
Section j specifically allows the magistrate to modify all or any part of an article 17.292 emergency protective order upon notice, hearing, and findings that the order as originally issued is unworkable, the modification will not place the victim at a greater risk than the original order, and the modification will not endanger a person protected under the order.  
Id
.
 

The State contends that we do not have jurisdiction over this appeal.  A trial court’s ruling on a habeas corpus application under article 11.05 of the code of criminal procedure is appealable only if the trial court considers and resolves the merits of the application
.  
Ex parte Hargett
, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); 
Ex parte Miller
, 931 S.W.2d 724, 725–26 (Tex. App.—Austin 1996, no pet.); 
see
 
Tex. Code Crim. Proc. Ann.
 art. 11.05 (Vernon 2005).  
Here, although the trial court had already issued the writ, it refused to hold an evidentiary hearing on the merits of the application because it determined that Streitler had an adequate remedy at law.  A writ of habeas corpus will issue only if the applicant has no adequate remedy at law.  
Ex parte Weise
, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).  Thus, it appears that the trial court determined that its decision to issue the writ was premature.

Streitler requested relief from the emergency protective order on the ground that his wife, who was shown on the face of the emergency protective order as the applicant, had never requested an emergency protective order, that Streitler had never threatened his wife or his son, and that the 200-foot requirement was causing an economic hardship on the family.  The trial court did not hear any evidence on these issues, and it did not make any rulings on these issues.  Thus, the trial court’s denial of the application was not based on the merits.  
An order purporting to deny the relief sought in a habeas corpus application is not appealable if the trial court did not in fact rule on the substantive merits of the applicant’s claim.  
Ex parte Gonzales
, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet. ref’d).

Accordingly, we
 dismiss the appeal for want of jurisdiction.  
See Hargett
, 819 S.W.2d at 869; 
Gonzales
, 12 S.W.3d at 914.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 7, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Article 17.292 allows a magistrate to issue an order for emergency protection on its own motion or at the request of a victim, the victim’s guardian, a peace officer, or the State’s attorney, upon a defendant’s arrest for an offense involving family violence.  
Id
. art. 17.292(a).