TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00242-CR






Ex parte Edwin Baezotero







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT

NO. 05-500314, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING





O R D E R





 Edwin Baezotero filed an application for writ of habeas corpus seeking to prevent a
retrial on an indictment for indecency with a child. The trial court denied the relief and Baezotero
filed a notice of appeal. Baezotero moves for a stay of criminal proceedings until this Court has
ruled on his appeal of the denial of habeas corpus relief. We grant the motion and order a stay of
criminal proceedings in the case of State v. Baezotero, cause number D1-DC-05-500314, in the
403rd District Court of Travis County, until such time as this Court has ruled on Baezotero's appeal. 

 Baezotero was indicted for indecency with a child and pleaded not guilty. A trial by
jury began on March 16, 2007. Baezotero contends that after approximately 7.5 hours of jury
deliberation over a span of two days, the trial court sua sponte declared a mistrial due to a hung
jury over his objection. 

 Baezotero filed an application for writ of habeas corpus on April 16, 2007, which he
amended on April 26, 2007. The trial court denied the amended application on April 26, 2007, after
an evidentiary hearing, and Baezotero appealed this decision on the same day. Baezotero's retrial
is set to begin on April 30, 2007.

 In order for a denial of an application for the writ of habeas corpus to be an appealable
order, the trial court must have reached the merits of the writ in refusing habeas corpus. In re
Gonzales, 12 S.W.3d 913, 914 (Tex. App.--Austin 2000, pet ref'd). The trial court's order denying
Baezotero's application states that "this Court considered the merits of the application and finds that
the applicant is not entitled to relief of any sort." Because the trial court considered the merits, its
refusal of Baezotero's application is an appealable order.

 Where a double jeopardy claim has been denied in an appealable order, the defendant
has a right to appeal before the trial of the indictment that he attacks. Ex parte Robinson,
641 S.W.2d 552, 554 (Tex. Crim. App. 1982). The constitutional protection against double jeopardy
"would be lost if the accused were forced to 'run the gauntlet' a second time before an appeal could
be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on
double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause
was designed to prohibit." Id. at 555 (quoting Abney v. U.S., 431 U.S. 651, 660-62 (1977)). 
Baezotero claims that he will be exposed to double jeopardy in the case of a retrial. This claim must
be reviewed before such potential exposure occurs. As a result, proceedings in the trial court must
be stayed until such time as this Court rules on Baezotero's appeal.

 We grant the motion and order a stay of criminal proceedings in the trial court until
this Court has ruled on Baezotero's appeal of the denial of his habeas corpus application. In light
of the nature of the charges, this Court will take every measure to ensure the speedy resolution of
Baezotero's appeal in order to minimize any further delay of these proceedings.


 _____________________________

 Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Filed: April 27, 2007

Do Not Publish