# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-23-00378-CR

_____


## EX PARTE ELBERT PERRY JR.

_____

## On Appeal from the 252nd District Court
## Jefferson County, Texas
## Trial Cause No. F11-13027-B

_____

## MEMORANDUM OPINION

Elbert Perry Jr. filed a notice of appeal from a final order denying his application for a writ of habeas corpus. We questioned our jurisdiction. Perry did not file a response.

In its order denying the application for a writ of habeas corpus, the trial court noted that Perry has a final felony conviction for which he is serving a sentence in the Institutional Division of the Texas Department of Criminal Justice and that his conviction and sentence have been

1

affirmed on appeal.[1] Perry applied for habeas relief directly from the trial court under article 11.05 of the Texas Code of Criminal Procedure, he did not file a post-conviction writ application returnable to the Court of Criminal Appeals under article 11.07 of the Texas Code of Criminal Procedure.[2] In its order, the trial court stated that Perry's writ application presents complaints regarding parole and mandatory supervision, commented that applications addressing parole or mandatory supervision should be brought under article 11.07, and denied Perry's application for a writ of habeas corpus under article 11.05.

When the trial court doesn't address the application's merits when the court denies the defendant's application for a writ of habeas corpus, the defendant has no right to appeal. *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); *Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.–Austin 2000, pet. ref'd). Here, no writ was issued, the trial court did not hold an evidentiary hearing on the application, and the trial court denied the application without addressing or ruling on the merits of

---

[1]*See generally Perry v. State*, No. 09-12-00054-CR, 2013 WL 3487343 (Tex. App.—Beaumont July 10, 2023, no pet.) (mem. op., not designated for publication).
[2]*Compare* Tex. Code Crim. Proc. Ann. art. 11.05, *with* Tex. Code Crim. Proc. Ann. art. 11.07.

Perry's complaints. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on January 23, 2024
Opinion Delivered January 24, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.