EX PARTE TYLER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-267-CR

EX PARTE 

JEANNETTE ROSORIO TYLER

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On March 9, 2000, appellant Jeannette Rosorio Tyler was convicted of theft and sentenced to 120 days in jail, probated for one year.  She appealed from her conviction, and this court affirmed the trial court’s judgment on March 15, 2001.  On February 13, 2002, Tyler filed an application for writ of habeas corpus in the trial court.  The trial court denied the relief sought in her application for writ of habeas corpus, stating it “finds that the law does not support the granting of a Post Conviction Writ of Habeas Corpus for the reasons alleged.”  Tyler appeals from the order, and we affirm.

In response to the appeal, the State contends that this court lacks jurisdiction to consider the appeal because the trial court did not issue a writ of habeas corpus.  Because the trial court’s order indicates that the court examined the applicable law and applied it to Tyler’s complaint, it appears the trial court denied the requested relief based on its merits, as opposed to denying the writ.  As a result, this court has jurisdiction to consider an appeal from the order, even though the trial court did not hold a hearing to determine whether a writ could be issued.  
See Ex parte Hargett
, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (“[A]ppeal can be had from a district court order denying an applicant relief on the merits of his claim.”).
(footnote: 2) 

In Tyler’s sole point, she contends the trial court erred in denying her a hearing on whether her trial counsel was ineffective and that her counsel’s ineffectiveness at trial was so serious as to deprive her of a fair trial.  The basis of her ineffectiveness complaint is that her trial counsel failed to lodge a “best evidence” objection to witness testimony regarding the general contents of receipts discussed at trial.   

Although a hearing was not held to develop evidence showing ineffectiveness, Tyler’s application to the trial court does not demonstrate that had counsel objected on best evidence grounds the results of the trial would have been different.  
See Strickland v. Washington
, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984).  In her application, Tyler speculated that if the receipts “substantiated [her] defense, then they were extremely probative.  In fact, since the defense was that the items were taken in a good faith effort to make an exchange, the receipts are the lynchpin of the ‘intent’ element of the offense.”  In this court’s opinion from the appeal of the conviction, we noted that Tyler, after having been read her rights by a police officer, admitted not paying for the items she was accused of taking, that she had done a stupid thing, and that she would like to pay for those items.  Appellant did not challenge the admission of that testimony on appeal, nor does she challenge it here.  Thus, because there was evidence that appellant admitted committing the crime, it is difficult to imagine that the outcome of the trial would have been different had counsel objected to the testimony regarding the receipts on best evidence grounds.  Accordingly, we hold the trial court did not abuse its discretion in denying Tyler’s application for writ of habeas corpus.  We overrule point one.

The trial court’s judgment is affirmed. 

PER CURIAM

PANEL F: DAY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED FEBRUARY 13, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The record also shows that appellant is on probation, which requires her to remain within the limits of Tarrant County unless given permission to leave  by her probation officer.  Thus, she is “confined” for purposes of our jurisdiction.  
See Ex parte Okere
, 56 S.W.3d 846, 852 (Tex. App.—Fort Worth 2001, pet. ref’d).