COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-267-CR
EX PARTE
JEANNETTE ROSORIO TYLER
------------
FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
On March 9, 2000, appellant Jeannette
Rosorio Tyler was convicted of theft and sentenced to 120 days in jail, probated
for one year. She appealed from her conviction, and this court affirmed the
trial court's judgment on March 15, 2001. On February 13, 2002, Tyler filed an
application for writ of habeas corpus in the trial court. The trial court denied
the relief sought in her application for writ of habeas corpus, stating it
"finds that the law does not support the granting of a Post Conviction Writ
of Habeas Corpus for the reasons alleged." Tyler appeals from the order,
and we affirm.
In response to the appeal, the State
contends that this court lacks jurisdiction to consider the appeal because the
trial court did not issue a writ of habeas corpus. Because the trial court's
order indicates that the court examined the applicable law and applied it to
Tyler's complaint, it appears the trial court denied the requested relief based
on its merits, as opposed to denying the writ. As a result, this court has
jurisdiction to consider an appeal from the order, even though the trial court
did not hold a hearing to determine whether a writ could be issued. See Ex
parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) ("[A]ppeal
can be had from a district court order denying an applicant relief on the merits
of his claim.").(2)
In Tyler's sole point, she contends the
trial court erred in denying her a hearing on whether her trial counsel was
ineffective and that her counsel's ineffectiveness at trial was so serious as to
deprive her of a fair trial. The basis of her ineffectiveness complaint is that
her trial counsel failed to lodge a "best evidence" objection to
witness testimony regarding the general contents of receipts discussed at trial.
Although a hearing was not held to develop
evidence showing ineffectiveness, Tyler's application to the trial court does
not demonstrate that had counsel objected on best evidence grounds the results
of the trial would have been different. See Strickland v. Washington,
466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). In her application, Tyler
speculated that if the receipts "substantiated [her] defense, then they
were extremely probative. In fact, since the defense was that the items were
taken in a good faith effort to make an exchange, the receipts are the lynchpin
of the 'intent' element of the offense." In this court's opinion from the
appeal of the conviction, we noted that Tyler, after having been read her rights
by a police officer, admitted not paying for the items she was accused of
taking, that she had done a stupid thing, and that she would like to pay for
those items. Appellant did not challenge the admission of that testimony on
appeal, nor does she challenge it here. Thus, because there was evidence that
appellant admitted committing the crime, it is difficult to imagine that the
outcome of the trial would have been different had counsel objected to the
testimony regarding the receipts on best evidence grounds. Accordingly, we hold
the trial court did not abuse its discretion in denying Tyler's application for
writ of habeas corpus. We overrule point one.
The trial court's judgment is affirmed.
 
                                                                       
PER CURIAM
 
PANEL F: DAY, DAUPHINOT, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 13, 2003]

1. See Tex. R. App. P. 47.4.
2. The record also shows that appellant is on probation,
which requires her to remain within the limits of Tarrant County unless given
permission to leave by her probation officer. Thus, she is "confined"
for purposes of our jurisdiction. See Ex parte Okere, 56 S.W.3d 846,
852 (Tex. App.--Fort Worth 2001, pet. ref'd).