IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-237-04 through 240-04






JUAN ENRIQUEZ, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY





 Price, J., filed an opinion concurring in the refusal of the petition for
discretionary review.


O P I N I O N 




 I agree with the Court's decision to refuse the appellant's petition for discretionary
review. I write separately to note that the appellant has a means to have the merits of his
claim addressed: He may file an application for writ of habeas corpus under Code of
Criminal Procedure Article 11.07.

 The appellant filed an application for writ of habeas corpus, citing Article 5,
Section 8 of the Texas Constitution. (1) He claimed that his sentences have expired, but he
is still incarcerated. The trial court failed to address the merits of the appellant's claims. 
The trial court issued an order saying,

 The court will deny the relief requested. [The appellant] seeks to
circumvent the settled law of this state that requires a felony prisoner to file
and present any claim of the illegality of his imprisonment pursuant to
[Code of Criminal Procedure Article] 11.07. Although this court has
inherent habeas corpus authority, that authority is limited in post-felony
conviction cases.

 The appellant appealed the trial court's order. The Court of Appeals noted that
there is no appeal from the trial court's refusal to issue the writ of habeas corpus. (2) As a
result, the Court of Appeals held that it had no jurisdiction to review the appellant's
claims. (3)

 The appropriate avenue for the appellant to pursue his claim is to file an
application for writ of habeas corpus under Code of Criminal Procedure Article 11.07. 
That article "establishes the procedures for an application for writ of habeas corpus in
which the applicant seeks relief from a final felony judgment imposing a penalty other
than death." (4) 

 The appellant is under the impression that he cannot file an application pursuant to
Article 11.07 because he claims that he has discharged his felony convictions. His
impression is incorrect. This situation is contemplated by Article 11.07: The appellant is
in custody because of his felony convictions. He may file an application pursuant to
Article 11.07. (5)

 With these comments, I join the Court's decision refusing the appellant's petition
for discretionary review.


Filed: November 10, 2004

Do Not Publish.
1. Article 5, Section 8 of the Texas Constitution states in relevant part, 


 District Court jurisdiction consists of exclusive, appellate, and original
jurisdiction of all actions proceedings, and remedies, except in cases where
exclusive, appellate, or original jurisdiction may be conferred by this Constitution
or other law on some other court, tribunal, or administrative body. District Court
judges shall have the power to issue writs necessary to enforce their jurisdiction.


Because Code of Criminal Procedure Article 11.07 provides the avenue for challenging custody
under a final felony conviction, district courts do not have original jurisdiction over these cases.
2. Enriquez v. State, No. 13-02-480-CR through 13-02-483-CR, slip op., at 2 (Tex.
App.--Corpus Christi, Nov. 20, 2003) (citing Ex parte Hargett, 819 S.W.2d 866, 868 (Tex.
Crim. App. 1991)).
3. Ibid. The Court of Appeals is correct. There is no appeal from the trial court's refusal to
issue the writ of habeas corpus. As we explained in Ex parte Hargett, when a court issues a writ
of habeas corpus, it is "commanding a party, who is alleged to be restraining the applicant in
some way, to appear before the court with the object of alleged restraint and explain the reasons
for the restraint." Ex parte Hargett, 819 S.W.2d at 868. This is different from denial of relief
based on the merits of a claim. Ibid.
4. Tex. Code Crim. Proc. Art. 11.07, § 1.
5. I express no opinion about the merits of the appellant's claims.