Ex Parte Jimmy C. Burgett

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-168-CR

EX PARTE JIMMY C. BURGETT

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jimmy C. Burgett appeals the trial court's denial of the relief sought in his pretrial writ of habeas corpus,
(footnote: 2) challenging the legality of his detention.
(footnote: 3)  He contends that the Wichita County Sheriff’s Department did not have jurisdiction to detain him because the crime for which he was charged was committed in Montague County.
(footnote: 4)  We dismiss this appeal as moot. 

Because Burgett was proceeding pro se in this appeal, we abated the appeal to have the trial court determine whether Burgett desired to continue proceeding pro se.  Following a hearing, the trial court made findings of fact and conclusions of law.  The trial court found that Burgett desired to prosecute his appeal and desired the appointment of counsel,  so the trial court appointed appellate counsel.  The trial court also found that Burgett had no charges pending against him in Wichita County, that the conviction underlying his habeas claim was out of Montague County, and that Burgett had been transferred to Montague County on June 17, 2005.  The trial court made a conclusion of law that, because Burgett had been transferred to Montague County, the issue regarding Burgett’s incarceration in Wichita County had become moot.

Although Burgett’s confinement in Wichita County was arguably erroneous at the time, his complaint is now moot.  
See
 
Tex. Gov’t Code Ann.
 § 508.251(b) (Vernon 2004) (discussing conditions of parole violation warrant, which include requiring return of person to institution from which he was paroled); 
cf. Long v. State
, 130 S.W.3d 419, 429 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding issue of confinement was moot; even if trial court erred by denying appellant’s motion to transfer, record indicated that appellant had been returned to mental-health facility due to trial court’s commitment order).  Accordingly, we dismiss the appeal as moot. 

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 21, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
We have determined that we have jurisdiction over this appeal; although the trial court did not issue the requested writ of habeas corpus, it did rule on the merits of Burgett’s claim.  
See Ex parte Hargett
, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991) (holding that court of appeals had jurisdiction over applicant’s appeal after trial court undertook to rule on merits of applicant’s claim).

3:
We rely on Burgett’s Petition for Writ of Habeas Corpus, along with the record from the abatement hearing and the clerk’s record, because we did not request appellate briefing.  
See
 
Tex. R. App. P.
 31.1.

4:
Burgett contends in one sentence of his habeas petition that the “Texas Parole Blue Warrant” is unconstitutional as violative of the Eighth Amendment’s excessive bail provision and of the Due Process Clause of the Fourteenth Amendment.  We interpret his argument as a post-conviction complaint related to his initial arrest.  Because we do not have jurisdiction to address post-conviction complaints of this nature, we are unable to address this complaint.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 11.07 § 3(a) (Vernon 2005) (stating that post-conviction writ of habeas corpus is properly returnable to the court of criminal appeals).