COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-168-CR
 
 
  
EX 
PARTE JIMMY C. BURGETT
 
 
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jimmy C. Burgett appeals the trial court's denial of the relief sought in his 
pretrial writ of habeas corpus,[2] challenging the 
legality of his detention.[3]  He contends that 
the Wichita County Sheriff’s Department did not have jurisdiction to detain 
him because the crime for which he was charged was committed in Montague County.[4]  We dismiss this appeal as moot.
        Because 
Burgett was proceeding pro se in this appeal, we abated the appeal to have the 
trial court determine whether Burgett desired to continue proceeding pro 
se.  Following a hearing, the trial court made findings of fact and 
conclusions of law.  The trial court found that Burgett desired to 
prosecute his appeal and desired the appointment of counsel, so the trial court 
appointed appellate counsel.  The trial court also found that Burgett had 
no charges pending against him in Wichita County, that the conviction underlying 
his habeas claim was out of Montague County, and that Burgett had been 
transferred to Montague County on June 17, 2005.  The trial court made a 
conclusion of law that, because Burgett had been transferred to Montague County, 
the issue regarding Burgett’s incarceration in Wichita County had become moot.
        Although 
Burgett’s confinement in Wichita County was arguably erroneous at the time, 
his complaint is now moot.  See Tex. Gov’t Code Ann. § 508.251(b) 
(Vernon 2004) (discussing conditions of parole violation warrant, which include 
requiring return of person to institution from which he was paroled); cf. 
Long v. State, 130 S.W.3d 419, 429 (Tex. App.—Houston [14th Dist.] 2004, 
no pet.) (holding issue of confinement was moot; even if trial court erred by 
denying appellant’s motion to transfer, record indicated that appellant had 
been returned to mental-health facility due to trial court’s commitment 
order).  Accordingly, we dismiss the appeal as moot.
   
  
                                                          PER 
CURIAM
 
 
  
PANEL 
F:   WALKER, LIVINGSTON, and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 21, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We have determined that we have jurisdiction over this appeal; although the 
trial court did not issue the requested writ of habeas corpus, it did rule on 
the merits of Burgett’s claim.  See Ex parte Hargett, 819 S.W.2d 
866, 869 (Tex. Crim. App. 1991) (holding that court of appeals had jurisdiction 
over applicant’s appeal after trial court undertook to rule on merits of 
applicant’s claim).
3.  
We rely on Burgett’s Petition for Writ of Habeas Corpus, along with the record 
from the abatement hearing and the clerk’s record, because we did not request 
appellate briefing.  See Tex. 
R. App. P. 31.1.
4.  
Burgett contends in one sentence of his habeas petition that the “Texas Parole 
Blue Warrant” is unconstitutional as violative of the Eighth Amendment’s 
excessive bail provision and of the Due Process Clause of the Fourteenth 
Amendment.  We interpret his argument as a post-conviction complaint 
related to his initial arrest.  Because we do not have jurisdiction to 
address post-conviction complaints of this nature, we are unable to address this 
complaint.  See Tex. Code 
Crim. Proc. Ann. art. 11.07 § 3(a) (Vernon 2005) (stating that 
post-conviction writ of habeas corpus is properly returnable to the court of 
criminal appeals).