COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-082-CV

 

 

BILLY
WASS                                                                       APPELLANT

 

                                                   V.

 

THE
CITY OF DENTON                                                            APPELLEE

MUNICIPAL COURT

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Billy Wass, as next friend of Tara
McFadden-Wass, appeals the denial of his application for writ of habeas
corpus.  We dismiss this appeal for want
of jurisdiction.








In the application for writ of habeas corpus,
Appellant contended that Tara had been convicted of a class C misdemeanor in
the City of Denton municipal court, punishable by fine only.  It is unclear from the appellate record what
offense Tara had been convicted of or what sentence Tara received, although in
Appellant=s brief he states that she was
found guilty of speeding. 

In his application, Appellant asked that Tara be
discharged from the sentence of the municipal court without fine, without
restraint, and without an order for community service on the grounds that she
is indigent and disabled.  At a hearing
held after he filed his application, Appellant asked the trial court to dismiss
the sentence on the ground that the sentence was not supported by the
evidence.  The trial court denied the
writ and dismissed the case.  Appellant
then filed this appeal.








If a trial court issues a writ of habeas corpus
but ultimately denies relief, that denial may be appealed; however, no appeal
lies from a trial court=s refusal to issue such writ.[2]  Here, the trial court held a hearing, but the
hearing appeared to be for purposes of determining whether to issue the writ,
not to determine whether to grant relief, and as best we can determine from the
record, the trial court denied the writ. 
No testimony or other evidence was introduced or considered by the trial
court.  After Appellant stated that he
sought dismissal of the sentence on the ground that the sentence was not
supported by the evidence, the trial court told Appellant that he should have
appealed instead of seeking habeas relief and stated, AI=m going
to deny your writ.@ 
The trial court then entered an order dismissing the cause.  Because the trial court denied the writ, this
court does not have jurisdiction.[3]

Accordingly, we dismiss this appeal for want of
jurisdiction.[4]

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, HOLMAN and MCCOY, JJ.

DELIVERED:  December 13, 2007











[1]See Tex. R. App. P.
47.4.





[2]Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (AIt is
well settled that no appeal can be had from a refusal to issue or grant a writ
of habeas corpus even after a hearing@ when that hearing is held Ain order
to determine whether there is sufficient cause for the writ to be issued or
whether the merits of the claim should be addressed.@); Ex
parte Okere, 56 S.W.3d 846, 849 (Tex. App.CFort Worth 2001, pet. ref=d) (AThe well‑established
rule of law is that when an application for habeas corpus alleging unlawful
restraint is presented to a judge who refuses to issue a writ . . . , no appeal
lies.@).





[3]Okere, 56
S.W.3d at 849.





[4]See Tex. R. App. P.
42.3(a), 43.2(f).