COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-082-CV

BILLY WASS APPELLANT

V.

THE CITY OF DENTON APPELLEE

MUNICIPAL COURT

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Billy Wass, as next friend of Tara McFadden-Wass, appeals the denial of his application for writ of habeas corpus.  We dismiss this appeal for want of jurisdiction.

In the application for writ of habeas corpus, Appellant contended that Tara had been convicted of a class C misdemeanor in the City of Denton municipal court, punishable by fine only.  It is unclear from the appellate record what offense Tara had been convicted of or what sentence Tara received, although in Appellant’s brief he states that she was found guilty of speeding. 

In his application, Appellant asked that Tara be discharged from the sentence of the municipal court without fine, without restraint, and without an order for community service on the grounds that she is indigent and disabled.  At a hearing held after he filed his application, Appellant asked the trial court to dismiss the sentence on the ground that the sentence was not supported by the evidence.  The trial court denied the writ and dismissed the case.  Appellant then filed this appeal.

If a trial court issues a writ of habeas corpus but ultimately denies relief, that denial may be appealed; however, no appeal lies from a trial court’s refusal to issue such writ.
(footnote: 2)  Here, the trial court held a hearing, but the hearing appeared to be for purposes of determining whether to issue the writ, not to determine whether to grant relief, and as best we can determine from the record, the trial court denied the writ.  No testimony or other evidence was introduced or considered by the trial court.  After Appellant stated that he sought dismissal of the sentence on the ground that the sentence was not supported by the evidence, the trial court told Appellant that he should have appealed instead of seeking habeas relief and stated, “I’m going to deny your writ.”  The trial court then entered an order dismissing the cause.  Because the trial court denied the writ, this court does not have jurisdiction.
(footnote: 3)
 Accordingly, we dismiss this appeal for want of jurisdiction.
(footnote: 4)

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN and MCCOY, JJ.

DELIVERED:  December 13, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Ex parte Hargett
, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (“It is well settled that no appeal can be had from a refusal to issue or grant a writ of habeas corpus 
even after a hearing
” when that hearing is held “in order to determine whether there is sufficient cause for the writ to be issued or whether the merits of the claim should be addressed.”); 
Ex parte Okere
, 56 S.W.3d 846, 849 (Tex. App.—Fort Worth 2001, pet. ref’d) (“The well-established rule of law is that when an application for habeas corpus alleging unlawful restraint is presented to a judge who refuses to issue a writ . . . , no appeal lies.”).

3:
Okere
, 56 S.W.3d at 849.

4:
See 
Tex. R. App. P.
 42.3(a), 43.2(f).