02-11-443 THRU 445-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00443-CR

NO. 02-11-00444-CR

NO. 02-11-00445-CR

 

 


 
 
 Ex Parte Robert Earl Bell
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

In these
cases charging Appellant Robert Earl Bell with aggravated robbery and two
capital murders, he appeals from the trial court’s order dismissing his
pretrial application for writ of habeas corpus in each case.

In
the applications below, Appellant contended that the State’s only witness who
can affirmatively place him at the scene of the capital murders is Willie
Bell.  Appellant also contended that Willie is subject to prosecution as a
party but has not been charged with any offense arising out of the transaction
on which Appellant’s capital murder indictments are based.  Appellant
complained that by not charging Willie, the State will benefit at trial and on
appeal from having him treated as merely a possible accomplice as a matter of
fact instead of as an accomplice of law, violating Appellant’s rights to equal
protection and due process.  In essence, Appellant complained of selective
prosecution.  Appellant sought habeas corpus relief on the theory that
otherwise, his rights to equal protection would be undermined.  In the capital
murder cases, he sought to preclude the State’s prosecution.  In the robbery
case, Appellant requested that the State be barred from using Willie Bell’s
testimony at Appellant’s punishment.

In
the State’s oral and written responses below, it argued that the trial court
had no jurisdiction to grant habeas relief.  After hearing argument on the
issue of its jurisdiction but refusing to allow evidence on the merits of
Appellant’s habeas applications, the trial court granted the State’s motion to
dismiss Appellant’s application for habeas corpus for want of jurisdiction in
each case.

Here,
Appellant claims that the “sole issue before this Court . . . is
the propriety of whether the trial court can summarily dismiss an application
for habeas corpus . . . with no inquiry.”  The State argues,
among other things, that Ex parte Hargett[2]
bars appeals from habeas applications dismissed on grounds other than the
merits.  We agree.  The Hargett court explained,

It
is well settled that no appeal can be had from a refusal to issue or grant a
writ of habeas corpus even after a hearing.  However, the portion of
that statement of law which we have emphasized can be confusing so, we will
clarify it.  In the cases which rely on that statement of law, the “hearing”
which is being referred to is one which a court might hold in order to
determine whether there is sufficient cause for the writ to be issued or
whether the merits of the claim should be addressed.  That type of hearing is
not the same as one which is held to ultimately resolve the merits of an
applicant’s claim.  When a hearing is held on the merits of an applicant’s
claim and the court subsequently rules on the merits of that claim, the losing
party may appeal.[3]

Because
our review of the record corresponds with the parties’ views that the trial
court did not rule on the merits of Appellant’s habeas applications, we dismiss
these appeals for want of jurisdiction.[4]

 

PER CURIAM

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 29,
2011









[1]See Tex. R. App. P. 47.4.





[2]819 S.W.2d 866 (Tex. Crim.
App. 1991).





[3]Id. at 868
(citations omitted).





[4]See id.; Ex
parte Noe, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983); Ex parte Cozzi,
138 S.W.3d 454, 455 (Tex. App.—Fort Worth 2004, pet. ref’d).