

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00443-CR
## NO. 02-11-00444-CR
## NO. 02-11-00445-CR

EX PARTE ROBERT EARL BELL

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In these cases charging Appellant Robert Earl Bell with aggravated robbery and two capital murders, he appeals from the trial court's order dismissing his pretrial application for writ of habeas corpus in each case.

In the applications below, Appellant contended that the State's only witness who can affirmatively place him at the scene of the capital murders is Willie Bell. Appellant also contended that Willie is subject to prosecution as a party but has not been charged with any offense arising out of the transaction on

---

[1]See Tex. R. App. P. 47.4.

which Appellant's capital murder indictments are based. Appellant complained that by not charging Willie, the State will benefit at trial and on appeal from having him treated as merely a possible accomplice as a matter of fact instead of as an accomplice of law, violating Appellant's rights to equal protection and due process. In essence, Appellant complained of selective prosecution. Appellant sought habeas corpus relief on the theory that otherwise, his rights to equal protection would be undermined. In the capital murder cases, he sought to preclude the State's prosecution. In the robbery case, Appellant requested that the State be barred from using Willie Bell's testimony at Appellant's punishment.

In the State's oral and written responses below, it argued that the trial court had no jurisdiction to grant habeas relief. After hearing argument on the issue of its jurisdiction but refusing to allow evidence on the merits of Appellant's habeas applications, the trial court granted the State's motion to dismiss Appellant's application for habeas corpus for want of jurisdiction in each case.

Here, Appellant claims that the "sole issue before this Court . . . is the propriety of whether the trial court can summarily dismiss an application for habeas corpus . . . with no inquiry." The State argues, among other things, that *Ex parte Hargett*[2] bars appeals from habeas applications dismissed on grounds other than the merits. We agree. The *Hargett* court explained,

> It is well settled that no appeal can be had from a refusal to issue or grant a writ of habeas corpus *even after a hearing.*

[2]819 S.W.2d 866 (Tex. Crim. App. 1991).

2

However, the portion of that statement of law which we have emphasized can be confusing so, we will clarify it. In the cases which rely on that statement of law, the "hearing" which is being referred to is one which a court might hold in order to determine whether there is sufficient cause for the writ to be issued or whether the merits of the claim should be addressed. That type of hearing is not the same as one which is held to ultimately resolve the merits of an applicant's claim. When a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing party may appeal.[3]

Because our review of the record corresponds with the parties' views that the trial court did not rule on the merits of Appellant's habeas applications, we dismiss these appeals for want of jurisdiction.[4]

PER CURIAM

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 29, 2011

---

[3]*Id.* at 868 (citations omitted).

[4]*See id.*; *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983); *Ex parte Cozzi*, 138 S.W.3d 454, 455 (Tex. App.—Fort Worth 2004, pet. ref'd).