# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00785-CR

**Ex parte Chad Wayne Tisdale**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY, NO. 13-16165, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## MEMORANDUM OPINION

In 2011, Chad Wayne Tisdale was arrested on various charges, including operating a motor vehicle without maintaining financial responsibility. *See* Tex. Transp. Code §§ 601.051 (requiring motor vehicle operator to maintain financial responsibility), .191 (setting out offense of failing to maintain financial responsibility). According to Tisdale, when he went to the clerk's office of the justice court, he was told that if he agreed to plead guilty or no contest, he would only be required to pay a fine. Tisdale pleaded no contest to the alleged offense.

Several months later, the Texas Department of Pubic Safety assessed a driver responsibility surcharge against Tisdale. That surcharge was imposed under a provision of the Transportation Code requiring the Department to "assess a surcharge on the license of each person who during the preceding 36-month period has been convicted of," among other offenses, failing to maintain financial responsibility. *Id.* § 708.103; *see also Ex parte Drake*, 212 S.W.3d 822, 823-24 (Tex. App.—Austin 2006, pet. ref'd) (explaining driver responsibility program and describing consequences for failing to comply).

Tisdale did not pay the surcharge, and his license was suspended.

Shortly after his license was suspended, Tisdale filed an application for writ of habeas corpus with the trial court asserting that his plea was involuntary because he was not informed of the mandatory surcharge when he entered his plea. In its response, the State asserted that the trial court had no jurisdiction to consider the writ because Tisdale was not subject to confinement or restraint by the imposition of the surcharge or by the suspension of his license. *See Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App.—Austin 2012, pet. ref'd) (stating that for "trial court to have jurisdiction to consider a habeas application, among other requirements, the applicant must be subject to 'confinement' or 'restraint'"). After reviewing Tisdale's petition and the State's response, the trial court determined that it did not have jurisdiction over the matter.

On appeal, Tisdale urges that the trial court erred by dismissing his petition for want of jurisdiction.

In general, an applicant seeking habeas corpus relief has no right to appeal a trial court's refusal to issue or grant a writ of habeas corpus. *Ex parte Villanueva*, 252 S.W.3d 391, 393 (Tex. Crim. App. 2008); *see Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991), *superseded in part by* Tex. Code Crim. Proc. art. 11.072 (governing cases in which applicant seeks relief from community supervision); *see also Ex parte Ali*, Nos. 03-10-00206-CR, 03-10-00207-CR, 2010 Tex. App. LEXIS 10018, at *5 (Tex. App.—Austin Dec. 16, 2010, no pet.) (mem. op., not designated for publication) (explaining that there is no right to appeal trial court's refusal to issue writ of habeas corpus for writs not falling under article 11.072 of Code of Criminal Procedure). Stated differently, "[o]nly when a hearing is held on the merits of an applicant's claims and there

2

is a ruling on the merits of the claims may a losing party appeal." *Villanueva*, 252 S.W.3d at 394. "[W]hen a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal." *Id.* Although an applicant does not have a right to appeal if a trial judge refuses to issue a writ or denies a hearing on the merits, an applicant does have two options available to him: "first, to present the application to another trial judge with jurisdiction; or second, to file an application for a writ of mandamus." *Id.*; *see Ex parte Hargett*, 819 S.W.2d at 868.

When the trial court concluded that it did not have jurisdiction over Tisdale's application for writ of habeas corpus, the trial court did not rule on the merits of Tisdale's claims. As discussed above, in order for an appellate court to have appellate jurisdiction over a trial court's ruling on an application for a writ of habeas corpus, the trial court must rule on the merits of the application. *Ex parte Blunston*, No. 04-12-00657-CV, 2013 Tex. App. LEXIS 9037, at *3 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication). Because the record in this case shows that the trial court did not rule on the merits of Tisdale's application, we lack jurisdiction over his appeal. *Id.* at *4-5.[1]

---

[1] In a supplemental brief filed after his reply brief, Tisdale contends that the trial court's refusal to consider his petition for writ of habeas corpus resulted in a denial of his constitutional right to pursue a writ of habeas corpus. *See* Tex. Const. art. I, § 12 (explaining that "writ of habeas corpus is a writ of right, and shall never be suspended"). Specifically, Tisdale contends that he will be unable to seek habeas relief from any other permissible court because the three district courts in Bastrop County are unlikely to issue a writ of habeas corpus for this type of misdemeanor offense and because the constitutional county court for Bastrop County does not have the authority to issue writs of habeas corpus. *See* Tex. Gov't Code § 26.111 (explaining that if county judge in Bastrop County is not licensed attorney, then county court of Bastrop County does not have concurrent jurisdiction with County Court at Law over all matters).

As a preliminary matter, we note that Tisdale did not include this argument in his opening appellate brief and that it appears from the record in this case that Tisdale did not present this

For the reasons previously given, we dismiss Tisdale's appeal for lack of jurisdiction.

*Id.* at \*5.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed for Want of Jurisdiction

Filed:   April 10, 2014

Do Not Publish

---

argument to the trial court. *See* Tex. R. App. P. 33.1(a) (setting out requirements for preserving complaint for appeal); *see also Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (stating that "even constitutional errors may be waived"). Even assuming that this argument was properly presented for our review, we would still not be persuaded that we have jurisdiction over this appeal. As discussed above, when a trial court denies an application for a writ of habeas corpus without considering the merits of the applicant's claims, the applicant may file an application with another judge having jurisdiction over the habeas claims or file an application for a writ of mandamus. *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008). Although Tisdale alleges that it would essentially be futile to file a petition with another trial court, Tisdale has not pursued either method. Accordingly, we do not believe that his claims are ripe for review. *See Ex parte Cross*, 69 S.W.3d 810, 814 (Tex. App.—El Paso 2002, no pet.) (explaining that case is not ripe if it is dependent "on contingent, remote, or hypothetical facts" and that ripeness doctrine prohibits courts from issuing advisory opinions).

4