# NO. 12-19-00028-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                          |   |                          |
|--------------------------|---|--------------------------|
| *EX PARTE:*              | § | *APPEAL FROM THE 114TH*  |
|                          | § | *JUDICIAL DISTRICT COURT*|
| *MARTIN REYNOLDS, JR.*   | § | *SMITH COUNTY, TEXAS*    |

## *MEMORANDUM OPINION*

Martin Reynolds, Jr. appeals the trial court's denial of his pretrial application for writ of habeas corpus. In two issues, Appellant challenges the constitutionality of Texas Penal Code Sections 9.31(b)(5)(A) and 9.32(a)(1). We affirm.

## BACKGROUND

Appellant was charged by indictment with the murder of Andrew Carpenter by shooting him with a firearm. He filed a pretrial application for writ of habeas corpus in the trial court claiming that penal code Sections 9.31(b)(5)(A)[1] and 9.32(a)(1)[2] will unconstitutionally deprive

---

[1] Penal code Section 9.31(b) states, in pertinent part, that

[t]he use of force against another is not justified . . . (5) if the actor sought an explanation from or discussion with the other person concerning the actor's differences with the other person while the actor was: (A) carrying a weapon in violation of Section 46.02[.]

TEX. PENAL CODE ANN. § 9.31(b)(5)(A) (West 2019).

[2] Penal code Section 9.32(a) states, in pertinent part, that

[a] person is justified in using deadly force against another: (1) if the actor would be justified in using force against the other under Section 9.31; and (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary: . . . (B) to prevent the other's imminent commission of . . . murder[.]

TEX. PENAL CODE ANN. § 9.32(a)(1), (a)(2)(B) (West 2019).

him of his ability to claim self-defense at trial. Under those statutes combined, a person is not justified in using deadly force if he sought an explanation from or discussion with the other person concerning their differences while carrying a weapon in violation of Texas Penal Code Section 46.02. Section 46.02 prohibits carrying a handgun on premises not owned by the person or under his control and not inside or directly en route to a motor vehicle owned by him or under his control.[3]

In his writ application, Appellant claimed that he shot and killed Carpenter in self-defense but was in violation of Section 46.02 at the time. He attached to the application the affidavits of three witnesses who purportedly resided and were present at the house where the homicide occurred. In the affidavits, all the witnesses stated that Carpenter was sitting on the front porch with three firearms when Appellant calmly approached the porch. Carpenter arose, aimed a shotgun at Appellant, and fired, hitting him in the legs. Carpenter reloaded the shotgun and aimed again, but Appellant produced a pistol and shot Carpenter twice in the chest.

At a hearing on the application, Appellant called one of the witnesses, Haleigh Vaughn, to the stand. She testified to the facts contained in her affidavit, and the affidavit was admitted into evidence. While Vaughn was on the stand, the State objected to Appellant's further examination of her or any other witness, citing its understanding that Appellant was making only a facial challenge to the statutes' constitutionality. Appellant responded that he wished to make an as-applied argument as well and needed to present evidence to do so. After a brief recess, the trial court ruled that it would allow no more testimony because Appellant's as-applied challenges were not cognizable on pretrial habeas and the trial court was not authorized to receive evidence for the purpose of a facial challenge. Subsequently, the trial court denied the application in a written order, finding that Appellant's as-applied challenges were not cognizable and Section 9.31(b)(5)(A) is not facially unconstitutional. This appeal followed.

### APPLICATION FOR WRIT OF HABEAS CORPUS

In his first and second issues, Appellant argues that the trial court erred by denying his pretrial application for writ of habeas corpus because Texas Penal Code Sections 9.31(b)(5)(a) and 9.32(a)(1) violate the Texas and United States Constitutions both facially and as applied to his case. Specifically, he contends that the statutes violate his rights to self-defense, free speech, and equal protection.

---

[3] TEX. PENAL CODE ANN. § 46.02 (West Supp. 2018).

**Standard of Review and Applicable Law**

The writ of habeas corpus is the remedy to be used when a person is restrained in his liberty. TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005). It is an order from a judge commanding a party who is restraining a person to appear before the court with the person and show why he is under restraint. *Id.*; *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). Pretrial habeas followed by an interlocutory appeal is an extraordinary remedy reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review. *Ex parte Ingram*, 533 S.W.3d 887, 891-92 (Tex. Crim. App. 2017). Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release. *Id.* at 892. In general, developing the record at a pretrial habeas proceeding is prohibited except when the constitutional right at issue includes a right to avoid trial. *Id.*

A defendant has standing to challenge a statute only if it is being invoked against him. *Id.* Ordinarily, a facial challenge to the statute defining the offense can be brought on pretrial habeas. *Id.* However, a challenge to a freestanding anti-defensive issue—whether facial or as-applied—is not cognizable on pretrial habeas. *Id.* An anti-defensive issue is one that benefits the state's position but is not something the indictment requires the state to prove from the outset. *Id.* Such an issue is not law applicable to the case at the pretrial habeas stage. *Id.*

In reviewing a trial court's ruling on a habeas corpus application, we review the facts in the light most favorable to the ruling and uphold it absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An abuse of discretion does not occur unless the trial court acts arbitrarily or unreasonably or without reference to any guiding rules and principles. *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016).

**Analysis**

On appeal, Appellant first argues that Sections 9.31(b)(5)(a) and 9.32(a)(1) violate his right to self-defense under the Second Amendment and Texas Constitution Article I, section 23. Next, he argues that the statutes violate his right to free speech under the First Amendment by restricting content-based speech and punishing the exercise of such speech by the loss of his right to self-

defense. Finally, Appellant argues that the statutes deny him equal protection of the laws because they infringe upon his right to self-defense solely because he does not have a license to carry.[4]

We do not reach the merits of Appellant's issues because they are not cognizable on pretrial habeas. A defendant has standing to challenge a statute only if it is being invoked against him. *Ingram*, 533 S.W.3d at 892. Here, Sections 9.31(b)(5)(a) and 9.32(a)(1) have not yet been invoked against Appellant. Although proof at trial that the statutes apply in this case might ultimately benefit the State's position, the indictment does not require that the State prove such facts from the outset. Therefore, Appellant's issues are anti-defensive and not law applicable to the case at this pretrial habeas stage. *See id.* Consequently, Appellant cannot meet the basic standing requirement necessary to obtain relief. *See id.* at 893.

Nonetheless, Appellant contends that penal code Sections 9.31(b)(5)(a) and 9.32(a)(1) apply at this stage of his case because they were raised by evidence adduced at the writ hearing. Specifically, he cites Vaughn's testimony and affidavit, the State's stipulation that Carpenter shot Appellant first, and Appellant's concession through his attorney that he was in violation of Section 46.02 when he shot Carpenter. We decline to consider this evidence because the constitutional rights at issue here do not include a right to avoid trial, and consequently, developing the record at the writ hearing was prohibited. *See id.* Even if we held Sections 9.31(b)(5)(a) and 9.32(a)(1) unconstitutional, the result would not be Appellant's immediate release. *See id.* at 894. Rather, because the anti-defensive issue is not alleged in the indictment, the result would be the severance of the provisions from the statutes, which would not terminate the prosecution. *See id.* Furthermore, even if we considered the evidence, it does not invoke Section 9.31(b)(5)(a) because it does not show that Appellant sought an explanation from or discussion with Carpenter. *See* TEX. PENAL CODE ANN. § 9.31(b)(5)(A). We conclude that the evidence adduced at the writ hearing fails to render Appellant's issues cognizable on pretrial habeas.

Because Appellant's issues are anti-defensive, are not law applicable to the case, and would not result in his immediate release even if resolved in his favor, we conclude that they are not cognizable on pretrial habeas. *See Ingram*, 533 S.W.3d at 892, 894. Accordingly, we overrule his first and second issues.

---

[4] Penal code Section 46.15(b) provides that "Section 46.02 does not apply to a person who: . . . (6) is carrying: (A) a license issued under Subchapter H, Chapter 411, Government Code, to carry a handgun; and (B) a handgun: (i) in a concealed manner; or (ii) in a shoulder or belt holster[.]" TEX. PENAL CODE ANN. § 46.15(b) (West Supp. 2018).

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's order denying the application for writ of habeas corpus.

GREG NEELEY
Justice

Opinion delivered September 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 27, 2019**

**NO. 12-19-00028-CR**

**EX PARTE: MARTIN REYNOLDS, JR.**

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0005-18)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order denying the application for writ of habeas corpus of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*