**Motion to Publish Denied; Dismissed and Memorandum Opinion filed August 3, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00159-CR

## EX PARTE LIONEL JOSEPH NEWMAN

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1647260**

## MEMORANDUM OPINION

Appellant, Lionel Joseph Newman, appeals the trial court's denial of his "application for writ of habeas corpus for the dismissal of indictment in violation of examining trial/with question of law." Appellant contends the trial court erroneously denied his application. For the reasons below, we dismiss the appeal for lack of jurisdiction.

### BACKGROUND

Appellant was arrested on October 10, 2019, based on a complaint that he committed theft of 12 cases of beer. The complaint also alleged four felony

1

enhancements: two felony thefts, a robbery, and a burglary of a habitation. On the day of Appellant's arrest, the magistrate judge ordered that Appellant be interviewed to determine if he has a mental illness or an intellectual disability. The next day, bail was set at $1,500. On October 14, 2019, Appellant was appointed an attorney. On October 29, 2019, Appellant filed a pro se motion for an examining trial. On November 14, 2019, Appellant filed a pro se motion for a speedy trial. Appellant was indicted for felony theft four days later. Appellant continued filing pro se motions for a speedy trial after he was indicted.

On January 14, 2020, Appellant filed his "application for writ of habeas corpus for the dismissal of indictment in violation of examining trial/with question of law." The trial court denied Appellant's application for writ of habeas corpus by writing "Denied" on the application and signing it. The trial court did not date its order as it should have, but the docket sheet reflects that the application was denied on January 14, 2020. Appellant filed a timely notice of appeal on January 27, 2020. The trial court signed a certification of defendant's right to appeal and appointed Appellant appellate counsel to represent him on appeal. Appellant filed a pro se motion waiving his right to appellate counsel on February 21, 2020. On the same day, appellate counsel filed a motion to withdraw as Appellant's counsel. On February 25, 2020, the trial court signed an order allowing appellate counsel to withdraw. Appellate counsel also filed a motion to withdraw in this court on March 25, 2020, which we granted. Appellant filed his pro se appellate brief.

## ANALYSIS

In one issue, Appellant argues the trial court erroneously denied his application for writ of habeas corpus to dismiss the indictment because he was not granted an examining trial, the State failed to introduce any evidence to prove he is guilty of theft, and there is no evidence to support a finding of probable cause for his

2

continued detention. The State contends that we lack jurisdiction because a defendant may only file an interlocutory appeal if the trial court denies him relief on the merits.

There is no right of appeal from a refusal to issue a writ of habeas corpus, even after a hearing, when the trial court did not consider and resolve the merits of the application. *Ex parte Villanueva*, 252 S.W.3d 391, 393-94 (Tex. Crim. App. 2008); *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981). In such cases, an appellant may: (1) present the application to another judge with jurisdiction; or (2) when appropriate, file an application for writ of mandamus. *See Ex parte Villanueva*, 252 S.W.3d at 394. However, a losing party may appeal when a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim. *Id.*; *Ex parte Hargett*, 819 S.W.2d at 868.

The record before us does not establish that the trial court ruled on the underlying merits of Appellant's writ application. We therefore conclude the trial court did not resolve the merits of Appellant's writ application, and Appellant has no right to appeal the trial court's refusal to issue a writ of habeas corpus.

## CONCLUSION

Because the trial court did not consider and resolve the merits of Appellant's habeas corpus application, we are constrained to hold that we are without appellate jurisdiction. Accordingly, we order the appeal dismissed for lack of jurisdiction.[1]

---

[1] Appellant filed a "Motion Requesting to Publish the Appellate Court's Opinion" pursuant to Texas Rule of Appellate Procedure 47.2(b). We deny Appellant's motion taken with the case.

/s/ Meagan Hassan
Justice

Panel consists of Justices Spain, Hassan, and Poissant.
Do Not Publish — Tex. R. App. 47.2(b).