**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Ex parte Shawn Paul Robinson

Appellate case number:     01-22-00583-CR

Trial court case number:    1751891

Trial court:                      351st District Court of Harris County

Appellant, through counsel, filed a notice of appeal from the trial court's order denying his application for writ of habeas corpus. On November 15, 2022, the State filed a "Motion to Dismiss for Want of Jurisdiction." In its motion, the State argued that this Court lacks jurisdiction to review the trial court's denial of Appellant's application for writ of habeas corpus, because (1) the trial court "did not rule on the merits of the writ application[,]" and (2) "[e]ven if the trial court's December 22, 2021 order denying relief is sufficient . . . this Court lacks jurisdiction because the appellant's notice of appeal is untimely."

Generally, an appeal of a trial court's refusal to issue a writ of habeas corpus is only permitted where the trial court considered, and resolved, the merits of the application. *See Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *Ex parte Campos*, No. 14-17-00492-CR, 2017 WL 4797839, at *2 (Tex. App.—Houston [14th Dist.] Oct. 24, 2017, no pet.) (mem. op., not designated for publication) ("There is no right of appeal from a refusal to issue a writ of habeas corpus, even after a hearing, when the trial court did not consider and resolve the merits of the application."). According to the State, the trial court "did not hear evidence or arguments" on Appellant's habeas application, and instead, only "entered an order summarily denying relief."

On August 12, 2022, the official court reporter for 351st District Court of Harris County filed in this Court an "Information Sheet by Court Reporters," indicating that there is no reporter's record. The clerk's record was initially filed on August 11, 2022, with supplemental clerk's records being filed on August 16, 2022 and October 7, 2022. A review of the record on appeal reflects that the trial court did not hold a hearing on the merits of Appellant's habeas application. The appellate record further reflects that, on January 26, 2022, the trial court signed "a preprinted judgment form with a checked box" noting that the trial court "order[ed] relief denied" on Appellant's habeas application.

However, in response to the State's motion to dismiss, Appellant, through counsel, filed a "Motion to Abate" the appeal. In his motion, Appellant states that "[i]t is not clear that the trial court did not" rule on the merits of his habeas application. According to Appellant, the trial court "considered the merits of the habeas application on the pleadings," arguing that "no hearing was necessary," as the issues presented by Appellant's habeas application were "a purely legal question."

Appellant's motion states that he has "asked the trial court for clarification" of its order on Appellant's habeas application. However, to the extent the trial court determines clarification is necessary, it is not clear that the trial court "currently [has] jurisdiction to enter an order nunc pro tunc." Given these circumstances, Appellant has requested that the Court "abate this appeal" and remand to the "trial court to clarify its orders."[1]

Appellant's motion states that the State "is unopposed to abatement for this clarification."

Accordingly, we **grant** Appellant's motion, **abate** the appeal and remand to the trial court to "clarify its orders" on Appellant's habeas application within **fifteen days** of the date of this order. A supplemental clerk's record with any trial court orders resulting from appellant's request for clarification shall be filed with the Clerk of this Court within **thirty days** of the date of this order. Further, a reporter's record of any hearing held in connection with appellant's request for clarification shall also be filed with the Clerk of this Court within **thirty days** of the date of this order.

The appeal is **abated** and the Clerk of this Court is direct to remove this appeal from the Court's active docket. The appeal will be reinstated after the supplemental clerk's record and reporter's record described above are filed, or after a party successfully moves for reinstatement.

Separately, on December 1, 2022, the State filed a motion to extend the deadline for filing its brief. The State requested the extension pending this Court's consideration of its motion to dismiss the appeal for lack of jurisdiction. Because the Court has abated the appeal, all briefing deadlines are suspended during the period of the abatement. Accordingly, the State's motion has been rendered moot, and is **denied**. When the appeal is reinstated, the Court will set a deadline for the filing of the State's brief.

---

[1] Appellant also asserts that "[t]here are two putative denials of relief in this case . . . [and] [t]he second was entered on January 26, 2022." While Appellant does not argue that the January 26, 2022 order denying his habeas application makes his February 18, 2022 notice of appeal timely, a clarification from the trial court should further aid this Court in analyzing the timeliness of Appellant's notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1).

2

It is so **ORDERED**.

Judge's signature: ___/s/ Amparo Guerra_____
                ☑ Acting individually    ☐ Acting for the Court

Date: ___January 12, 2023_____