In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00328-CR
_____

EX PARTE ADELIO ALEXANDER BARAHONA

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 18-30764

**MEMORANDUM OPINION**

On July 3, 2018, the trial court signed an order denying Adelio Alexander Barahona's application for a writ of habeas corpus. *See generally* Tex. Code Crim. Proc. Ann. art.11.09 (West 2015). On August 20, 2018, Barahona filed a notice of appeal complaining about the trial court's July 2018 ruling denying his application. Subsequently, the State of Texas filed a motion to dismiss the appeal because Barahona did not file his notice of appeal within the time permitted to perfect an appeal.

1

In a criminal case, the notice of appeal must be filed within thirty days after the day the trial court signs an appealable order. *See* Tex. R. App. P. 26.2(a)(1).[1] Assuming that the trial court's July 2018 order was a ruling on the merits of his petition for habeas relief, his notice of appeal was due August 2, 2018. [2] *See id.* His time for filing a motion for extension of time to perfect his appeal expired August 17, 2018. *See* Tex. R. App. P. 26.3. Barahona filed his notice of appeal on August 20, 2018, three days after the period in which he could have sought an extension for filing his notice. If an appeal is not timely perfected, we may only dismiss the appeal. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Accordingly, we grant the State's motion, and we dismiss the appeal.

APPEAL DISMISSED.

---

[1] The notice of appeal is due ninety days after the day sentence is imposed in open court if the defendant timely files a motion for new trial. *See* Tex. R. App. P. 26.2(a)(2). This provision does not apply to Barahona's case because his sentence was not imposed during the proceeding on his application seeking a writ of habeas corpus. *See Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993).

[2] We dismiss the appeal because the only order that Barahona challenged in his appeal was signed more than thirty days before he filed his notice of appeal. *See* Tex. R. App. P. 26.2(a)(1). We expressly decline to consider whether the trial court ruled on the merits of the habeas application in its July 2018 order. *See Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (an order denying a habeas application on its merits is appealable).

_____
HOLLIS HORTON
Justice

Submitted on October 30, 2018
Opinion Delivered October 31, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

3